UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>           Plaintiff<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY D/B/A<br>ITT FINANCIAL SERVICES,<br>SECOND FEDERAL FUNDING,<br>UNITES STATES OF AMERICA, AND<br>BAY STATE GAS,<br><br>           Defendants | Case No. 03-12634 - RCL |

## ANSWER AND COUNTERCLAIMS OF THE DEFENDANTS, ALTHEA FOLLINS AND HAROLD FOLLINS, TO PLAINTIFF'S COMPLAINT IN INTERPLEADER

Now come the Defendants, Althea Follins and Harold Follins (hereinafter collectively the DEFENDANTS) and herewith submit their Answer and Counterclaims to the Plaintiff's Complaint in Interpleader (hereinafter the COMPLAINT):

### ANSWER

1. The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 1 of the COMPLAINT and therefore can neither admit nor deny the allegations.

2. Admitted.

3. Admitted.

4. The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 4 of the COMPLAINT and therefore can neither admit nor deny the allegations.

5. The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 5 of the COMPLAINT and therefore can neither admit nor deny the allegations.

6. The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 6 of the COMPLAINT and therefore can neither admit nor deny the allegations.

7. The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 7 of the COMPLAINT and therefore can neither admit nor deny the allegations.

8. Admitted.

9. Admitted.

10. The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 10 of the COMPLAINT and therefore can neither admit nor deny the allegations.

11. The DEFENDANTS admit that a surplus is now available, but are without knowledge of the costs of foreclosure and sale, accrued interest, and late charges as alleged, and therefore, call upon the Plaintiff to disclose, through an accounting, the specific amounts of the costs of foreclosure and sale, accrued interest, and late charges.

12.   (a) Admitted.

     (b) Admitted.

     (c) The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 12(c) of the COMPLAINT and therefore can neither admit nor deny the allegations. Upon information and belief,

however, any claim to the surplus proceeds asserted by Aetna Finance Company d/b/a ITT Financial Services is barred by the Statute of Limitations.

(d) The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 12(d) of the COMPLAINT and therefore can neither admit nor deny the allegations. Upon information and belief, however, any claim to the surplus proceeds asserted by Second Federal Funding is barred by the Statute of Limitations.

(e) The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 12(e) of the COMPLAINT and therefore can neither admit nor deny the allegations.

(f) The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 12(f) of the COMPLAINT and therefore can neither admit nor deny the allegations. Upon information and belief, however, the debt underlying the claim of bay State Gas has been fully satisfied by the DEFENDANTS', and therefore, Bay State Gas has no claim to the surplus proceeds.

13. The DEFENDANTS reallege each of their responses contained in Paragraphs 1 – 12 as if the same were set forth herein.

14. The DEFENDANTS are without knowledge as to what the Plaintiff believes relative to the allegations contained in Paragraph 14 of the COMPLAINT, and therefore, can neither admit nor deny the allegations.

15. The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 15 of the COMPLAINT and therefore can neither admit nor deny the allegations.

16. The DEFENDANTS are without knowledge of the facts underlying the allegations of Paragraph 16 of the COMPLAINT and therefore can neither admit nor deny the allegations, except that the DEFENDANTS deny that the Plaintiff is entitled to its costs and expenses associated with this action and that those costs and expenses be paid from the surplus proceeds.

WHEREFORE, the DEFENDANTS request that the Court:

1. Order the Plaintiff to provide a full accounting of (1) the costs of foreclosure and sale, (2) accrued interest, and (3) late charges incurred as a result of the foreclosure proceeding on the DEFENDANTS' former home located at 5 Lori Lane, Randolph, MA.

2. Determine the amount of, and Order the payment of, the surplus proceeds due to the DEFENDANTS.

3. For such other and further relief as is just and proper.

## AFFIRMATIVE DEFENSES

The DEFENDANTS are entitled to a full accounting of all (1) costs of foreclosure and sale, (2) accrued interest, and (3) late charges claimed to have been incurred by the Plaintiff; and which amounts have been deducted from the surplus funds.

## COUNTERCLAIMS

### Nature of the Action

The DEFENDANTS bring this Counterclaim for the purpose of (1) asserting their rights to the surplus proceeds (hereinafter the SURPLUS PROCEEDS) and (2) determining the validity of the claims of the remaining named Defendants in the COMPLAINT.

### Parties

1. The Defendants/Plaintiffs-in-Counterclaim, Harold Follins and Althea Follins (hereinafter the FOLLINSES), husband and wife, are citizens of the Commonwealth of Massachusetts and reside at 22 Clark Street, Randolph, MA.

2. The Plaintiff/Defendant-in-Counterclaim, New Haven Savings Bank (hereinafter the BANK), is, upon information and belief, a corporation with a usual place of business at 195 Church Street, New Haven CT and the present holder of the SURPLUS PROCEEDS.

### COUNT I

(The FOLLINSES' Claim)

3. The FOLLINSES are the former holders of the equity of redemption in the property known as 5 Lori Lane, Randolph, MA (hereinafter the PROPERTY) and foreclosed on by the BANK.

4. The BANK is presently holding $106,897.69 in surplus funds following its foreclosure on the PROPERTY.

5. The FOLLINSES are entitled to receive the surplus unless one or more of the remaining defendants are able to establish that the debts secured by the mortgages, liens or attachments are valid and remain enforceable claims.

## COUNT II

(The BANK'S claim)

6. As to the BANK'S claim[1] for (1) the costs of foreclosure and sale, (2) accrued interest, and (3) late charges – which amounts have been deducted from the SURPLUS PROCEEDS – the DEFENDANTS are entitled to an accounting of these costs and charges.

## COUNT III

(The Claim of Aetna Finance Company d/b/a ITT Financial Services)

7. As to the claim of Aetna Finance Company d/b/a ITT Financial Services (hereinafter AETNA),[2] until such time as it is served with the COMPLAINT and submits an Answer thereto, AETNA has no claim to the SURPLUS PROCEEDS.

8. Moreover, if and when AETNA asserts a claim to the SURPLUS PROCEEDS, that claim will be barred by the Statute of Limitations as AETNA failed to initiate any legal proceedings against the FOLLINSES on or after September 22, 1987 to recover any claimed mortgage balance.

---

[1] See the COMPLAINT, ¶11.

[2] See the COMPLAINT, ¶12(c).

## COUNT IV

(The Claim of Second Federal Funding)

9. As to the claim of Second Federal Funding (hereinafter SFF),[3] no legal proceedings were ever instituted by SFF against the FOLLINSES on and after June 6, 1989, and therefore, the Statute of Limitations acts as a bar to SFF'S claim to the SURPLUS PROCEEDS.

## COUNT V

(The Claim of the United States of America)

10. As to the claim of the United States of America (hereinafter the UNITED STATES),[4] the Government admits that the liens pursuant to which the Interpleader was filed have been satisfied.

11. The FOLLINSES, as of filing of the herein Answer and Counterclaim, are without knowledge as to the nature and validity of the claimed assessments, and therefore, after further review and determination, will amend and/or supplement this Counterclaim as to these claims.

## COUNT VI

(The Claim of Bay State Gas)

12. As to the claim of Bay State Gas (hereinafter BAY STATE),[5] upon information and belief, the debt underlying the claim has been fully satisfied by the FOLLINSES, and therefore, BAY STATE has no claim against the SURPLUS PROCEEDS.

---

[3] See the COMPLAINT, ¶12(d).

[4] See the COMPLAINT, ¶12(e).

[5] See the COMPLAINT, ¶12(f).

WHEREFORE, the FOLLINSES request that the Court:

1. Order the BANK to provide a full accounting of (1) the costs of foreclosure and sale, (2) accrued interest, and (3) late charges incurred as a result of the foreclosure proceeding on the FOLLINSES' former home located at 5 Lori Lane, Randolph, MA.

2. Deny AETNA'S claim to the SURPLUS PROCEEDS;

3. Deny SFF'S claim to the SURPLUS PROCEEDS;

4. Deny BAY STATES' claim to the SURPLUS PROCEEDS;

5. Determine the nature, amount, and validity of the assessment claimed by the UNITED STATES;

6. Determine the amount of, and Order that the payment of, the SURPLUS PROCEEDS be made to the FOLLINSES.

7. Enter such other and further relief as is just and proper.

                                                Respectfully submitted,
                                                Althea Follins and Harold Follins
                                                By their attorneys

                                                Gordon N. Schultz, Esq.
                                                Craig T. Gerome, Esq.
                                                Schultz & Company
                                                One Washington Mall
                                                Boston, MA 02108
                                                (617) 723-9090

Dated: April 2, 2004