FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JUN 21  P 3: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

NEW HAVEN SAVINGS BANK,  )
            )
   Plaintiff,  )
            )
v.           )
            )   Case No. 03-12634 RCL
ALTHEA FOLLINS, HAROLD FOLLINS,  )
AETNA FINANCE COMPANY, d/b/a ITT  )
FINANCIAL SERVICES, SECOND  )
FEDERAL FUNDING, UNITED STATES  )
OF AMERICA, and BAY STATE GAS,  )
            )
   Defendants.  )

**ANSWER AND CROSS-CLAIM FOR DECLARATORY JUDGMENT
OF THE DEFENDANT, PACIFIC SECURITY, LLC, AS SUCCESSOR IN INTEREST
TO AETNA FINANCE COMPANY, d/b/a ITT FINANCIAL SERVICES**

Now comes the Defendant, Pacific Security, LLC, as successor in interest to Aetna Finance Company d/b/a ITT Financial Services (hereinafter "Pacific Security"), and for its Answer to the Plaintiff's Complaint in this matter states as follows:

1. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 1 of the Complaint.

2. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 2 of the Complaint.

3. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 3 of the Complaint.

4. Pacific Security admits the allegations contained in Paragraph 4 of the Complaint.

5. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 5 of the Complaint.

6. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 6 of the Complaint.

7. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 7 of the Complaint.

8. Pacific Security admits the allegations contained in Paragraph 8 of the Complaint.

9. Pacific Security admits the allegations contained in Paragraph 9 of the Complaint.

10. Pacific Security admits the allegations contained in Paragraph 10 of the Complaint.

11. Pacific Security admits the allegations contained in Paragraph 11 of the Complaint.

12. Pacific Security admits that it is the holder of a mortgage in the original amount of $43,280.71 given by the Defendants, Harold Follins and Althea Follins, on the property located at 5 Lori Lane, Randolph, Massachusetts, dated September 22, 1981 and recorded in the Norfolk County Registry of Deeds at Book 7747, Page 523. Pacific Security is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Pacific Security incorporates by reference its answers to Paragraph 1 through 12 of the Complaint as if fully set forth herein.

14. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 14 of the Complaint.

15. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 15 of the Complaint.

16. Pacific Security is without sufficient information to either admit or deny the allegations Contained in Paragraph 16 of the Complaint.

### **CROSS-CLAIM FOR DECLARATORY JUDGMENT**

### COUNT I
### (Declaratory Judgment)

1. Pacific Security incorporates by reference the allegations contained in Paragraphs 1 through 12 of the Complaint in this matter as if fully set forth herein.

2. Pacific Security is a limited liability company which maintains a principal place of business at 211 W. Wacker Drive, Suite 710, Chicago, Illinois.

3. Pacific Security, as successor in interest to Aetna Finance Company d/b/a ITT Financial Services is the holder of a mortgage in the original amount of $43,280.71 given by the Defendants, Harold Follins and Althea Follins, on the property located at 5 Lori Lane, Randolph, Massachusetts, dated September 22, 1981 and recorded in the Norfolk County Registry of Deeds at Book 7747, Page 523 (hereinafter, "the Second Mortgage").

4. As the result of the foreclosure of the first mortgage on the Property held by New Haven Savings Bank, Pacific Security holds an equitable lien upon any surplus proceeds resulting from said foreclosure to the extent of all sums previously secured by the Second Mortgage.

5. Pacific Security's equitable interest in said surplus proceeds hold priority over all other interests which appear of record in the surplus proceeds, including those of the Defendants, Althea Follins and Harold Follins.

WHEREFORE, Pacific Security respectfully requests that this Honorable Court:

A. Enter Judgment in its favor establishing Pacific Security's equitable lien on the surplus proceeds presently held by the Plaintiff and ordering that Pacific Security's claim be satisfied out of said surplus proceeds forthwith; and,

B. Grant such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>PACIFIC SECURITY, LLC, as
>Successor in Interest to Aetna Finance
>Company, d/b/a ITT Financial Services,
>By its attorney,
>
>*/s/ Daniel P. Murphy/*
>Daniel P. Murphy (BBO# 559440)
>3 Courthouse Lane, Suite 4
>Chelmsford, Massachusetts 01824
>(978) 459-9888

Dated: June 18, 2004

## CERTIFICATE OF SERVICE

I, Daniel P. Murphy, hereby certify that on June 18, 2004, I served a copy of the foregoing document on all counsel of record, by first class mail, postage prepaid, to:

David J. Rhein, Esq.
Harmon Law Offices P.C.
P. O. Box 610389
Newton Highlands, MA  02461-0389

Glenn J. Melcher, Esq.
Tax Division
U. S. Department of Justice
P. O. Box 55
Ben Franklin Station
Washington, DC  20044

Kevin J. McCaughey, Esq.
Ganick, O'Brien & Sarin
161 Granite Avenue
Dorchester, MA  02124

Michelle L. Zaff, Esq.
Kerstein, Coren, Lichhtenstein & Finkel, LLC
233 Needham Street, 5th Floor
Newton, MA  02464

Craig T. Gerome, Esq.
Schultz & Company
One Washington Mall
Boston, MA  02108

_____
Daniel P. Murphy