UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALTHEA FOLLINS, HAROLD FOLLINS, )<br>AETNA FINANCE COMPANY d/b/a )<br>ITT FINANCIAL SERVICES, SECOND )<br>FEDERAL FUNDING, UNITED STATES )<br>OF AMERICA, and BAY STATE GAS, )<br>)<br>Defendants. ) | Case No. 03-12634-NMG |

**UNITED STATES OF AMERICA'S
RESPONSE TO PLAINTIFF'S MOTION
TO DEPOSIT SURPLUS FUNDS AND WITHDRAW**

The United States of America hereby responds to the Plaintiff's Motion to Deposit Surplus Funds Into Court and Withdraw. The United States does not oppose the Plaintiff depositing the surplus funds into Court or in obtaining reasonable attorney fees associated with the filing of this action. Rather, the United States files this response to reiterate that the Plaintiff's counsel fees and costs cannot reduce any share of the surplus funds that are determined to be allocable to the United States.

Prior to filing this action, the Plaintiff foreclosed on real property held jointly by Harold and Althea Follins. The United States claims an interest in the surplus funds by virtue of federal tax liens against Harold and Althea Follins.

In this case, the Plaintiff is holding surplus proceeds of approximately $106,897.69 and is claiming attorney's fees and costs of $5004.96. It is well settled that when interplead funds are encumbered by a federal tax lien, no part of the funds can be used to compensate an interpleading plaintiff for costs and fees. *United States v. R.F. Ball Construction Co., Inc.*, 355 U.S. 587

(1958), *United States v. Liverpool & London & Globe Insurance Co. Ltd.*, 348 U.S. 215 (1955). "Under the *Ball* and the *London & Liverpool* cases, and under the decisions of the lower courts announced since those decisions, the innocent stakeholder, even though he asserts no right to the fund in dispute, may not recover his costs and attorney's fees when to do so would invade the paramount federal tax lien." *United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960). Every circuit that has examined this issue has held that an interpleading plaintiff cannot be awarded costs and attorney's fees when such an award would diminish the amount to satisfy a federal tax lien. *See Cable Atlantic, Inc. v. Project, Inc.*, 749 F.2d 626, 627 (11th Cir. 1984); *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513 (9th Cir. 1984); *Millers Mutual Ins. Assn. of Ill. v. Wassall*, 738 F.2d 302 (8th Cir. 1984);*Campagna-Turano Bakery, Inc. v. United States*, 632 F.2d 39, 41 (7th Cir. 1980); *United States v. State National Bank of Connecticut*, 421 F.2d 519 (2d Cir. 1970); *United States v. Morrison*, 247 F.2d 285 (5th Cir. 1957); *Hinkley & Donovan v. Paine*, 424 F.Supp. 1013 (D.N.H. 1977). The rule is the same in state court. *See Nason v. Taylor*, 351 Mass. 347, 221 N.E.2d 400 (1966) (on appeal by the United States, the Supreme Judicial Court reversed probate court's allowance of attorney's fees and costs in diminution of Government's claim on its federal tax liens. "The judge had no power to allow (at least in an interpleader or similar proceeding . . .) the deduction of an attorney's fee or costs, the claim for which arose subsequent to the date when the tax lien was perfected."). [1]

Because the amount of the United States' claim by virtue of its federal tax liens ($8,592.60,

---

[1] The somewhat aberrational interlocutory opinion in *Foxborough Savings Bank v. Petrosian*, 84 F.Supp. 2d 172 (D. Mass. 1999) did not lead to a final determination adverse to the position taken by the United States in that matter. There, the property was owned by the husband and wife, but the tax lien encumbered only the husband's interest. The distribution to the United States was not diminished by any sums paid to the plaintiff for attorney's fees and costs; rather, the plaintiff's claim was paid entirely from the wife's one-half interest in the fund.

plus interest and penalties from the dates of assessment) is considerably less than the total of the surplus funds ($106,97.69), the Plaintiff will likely collect his fees and costs out of the remaining surplus funds.  It is uncertain at this time whether claims of other parties may be prior in interest to the claim of the United States.  If the court determines that any claim is prior to the United States, the plaintiff's attorney's fees and costs must be deducted from that claimant's share of the surplus funds, because, as discussed above, the plaintiff's attorney's fees and costs cannot be taken from any surplus funds determined to be due the United States.

## Conclusion

The United States has no objection to the depositing of the funds and payment of the plaintiff's attorney's fees and costs out of the surplus proceeds, however, those fees and costs cannot reduce any share otherwise allocable to the United States.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                        BARBARA HEALY SMITH
                                        Assistant U.S. Attorney

                                          /S/ Glenn J. Melcher
                                        GLENN J. MELCHER
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 55
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 307-6573
                                        Facsimile: (202) 514-5238
                                        Glenn.J.Melcher@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that, on this 26th day of August, 2004, a copy of the foregoing UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S MOTION TO DEPOSIT SURPLUS FUNDS AND WITHDRAW was filed electronically. Notice of this filing will be sent to the following parties by operation of the court's electronic filing system, and parties may access this filing through the Court's system:

    Veronica C. Viveiros, Esq.
    Harmon Law Offices, P.C.
    P.O. Box 610389
    Newton Highlands, MA 02461-0389

It is further certified that service of the UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S MOTION TO DEPOSIT SURPLUS FUNDS AND WITHDRAW has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 26th day of August, 2003:

David M. Rosen, Esq.
David J. Rhein, Esq.
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389

Kevin J. McCaughey, Esq.
Ganick, O'Brien & Sarin
161 Granite Avenue
Dorchester, MA 02124

Daniel P. Murphy
3 Courthouse Lane, Suite Four
Chelmsford, MA 01824

Craig T. Gerome, Esq.
Schultz & Company
One Washington Mall
Boston, MA 02108

Michelle L. Zaff, Esq.
Kerstein, Coren, Lichtenstein and Finkel, LLC
233 Needham Street, 5th Floor
Newton, MA 02464

        /S/ Glenn J. Melcher
        GLENN J. MELCHER
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 55
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 307-6573
        Facsimile: (202) 514-5238
        Glenn.J.Melcher@usdoj.gov