UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>    Plaintiff,<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS, AETNA FINANCE COMPANY, d/b/a ITT FINANCIAL SERVICES, SECOND FEDERAL FUNDING, UNITED STATES OF AMERICA, and BAY STATE GAS,<br><br>    Defendants. | Case No. 03-12634 |

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFNDANT, PACIFIC SECURITY, LLC'S MOTION FOR SUMMARY JUDGMENT

The Defendant, Plaintiff-in-Crossclaim, Pacific Security, LLC, as successor-in-interest to and attorney-in-fact for Aetna Finance Company, d/b/a ITT Financial Services (hereinafter "Pacific Security"), respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(c).

### I.    PROCEDURAL HISTORY

This is an interpleader action arising out of the foreclosure of a first mortgage given by the Defendants, Harold and Althea Follins (jointly, "the Follinses"), to New Haven Savings Bank on property owned by the Follinses at 5 Lori Lane, Randolph, Massachusetts. As alleged in New Haven Savings Bank's Complaint in Interpleader, that foreclosure resulted in a surplus in the amount of $101,892.73, which has been paid into the Court. The Complaint in Interpleader seeks to have the parties with a potential claim to the surplus proceeds to prove those claims.

Aetna Finance Company, d/b/a ITT Financial Services, by its successor in interest, Pacific Security, LLC filed an Answer and Cross-Claim for Declaratory Judgment against all other defendants, alleging that it is the holder of a second mortgage on the property, and that its position as holder of that mortgage entitles it to an equitable lien upon the surplus proceeds superior to all other defendants.

## II.   STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1, Pacific Security relies upon the following concise statement of material facts, as to which it contends there is no issue of material fact to be tried:

1. Pacific Security is the holder of a note in the original amount of $43,280.71 executed on September 22, 1987 by Harold Follins and Althea Follins ("the Note"). Affidavit of Christopher Foreman (hereinafter "Foreman Aff."), ¶ 4, Exhibit "A."

2. The Note is secured by a mortgage given by the Defendants on the property located at 5 Lori Lane, Randolph, Massachusetts, dated September 22, 1987 and recorded in the Norfolk County Registry of Deeds at Book 7747, Page 523 ("the Mortgage"). Foreman Aff., ¶ 6, Exhibit "B."

3. In an Assignment of Mortgage dated May 13, 2004, Computer & Equipment Leasing Corporation, the successor in interest by merger to ITT Financial Services, assigned the Mortgage to Transamerica Financial Services. Foreman Aff., ¶ 8, Exhibit "C."

4. Transamerica Financial Services then assigned the Mortgage to Pacific Security in an Assignment of Mortgage dated May 13, 2004. Foreman Aff., ¶ 10, Exhibit "D."

5. Various powers of attorney and power of attorney substitutions authorize Pacific Security to demand, reduce to possession, sue upon, collect, and receive funds for

certain loans and retail installment contracts in its portfolio, including the Note. Foreman Aff., ¶ 11, Exhibit "E."

6. Pacific Security is specifically authorized, under a power of attorney from Computer & Equipment Leasing Corporation, successor-in-interest by merger to Aetna Finance Company, to demand, reduce to possession, sue upon, collect, and receive funds under the Note and Mortgage executed by the Follinses. Foreman Aff., ¶ 12, Exhibit "F."

7. The Follinses defaulted on the Note by failing to make the payments required by the Note. Foreman Aff., ¶ 15.

8. The last payment made by the Follinses was in the amount of $1,120.00 on May 18, 1993. As of May 27, 2004, the total principal and interest due, not including costs of collection as allowed under the note and mortgage, was $122,924.34. Foreman Aff., ¶ 16.

9. Under Paragraph 4 of the Note, the Defendants were liable for all of the holder's costs and expenses incurred as a result of the default under the Note, including but not limited to reasonable attorney's fees. Foreman Aff., ¶ 17.

### III.  STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323. Once the moving party comes forward with proof of the absence of any genuine issue of material fact,

3

the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the non-moving party fails to sufficiently establish the existence of an essential element of that party's case for which the non-moving party bears the burden of proof at trial, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, at 322. "[A] complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial." *Celotex Corp. v. Catrett*, at 323.

## IV. ARGUMENT

**A. PACIFIC SECURITY, AS SUCCESSOR-IN-INTEREST TO AETNA FINANCE COMPANY, d/b/a ITT FINANCIAL SERVICES, HOLDS AN EQUITABLE LIEN ON THE SURPLUS RESULTING FROM THE FORELCOSURE, AND, AS SECOND MORTGAGEE, IS ENTITLED TO FULL SATISFACTION OF ALL AMOUNTS DUE PRIOR TO ANY OTHER LIENHOLDER.**

It is well-established law in Massachusetts that when a property is sold at a foreclosure auction by the first mortgagee, the second mortgagee holds an equitable lien which is transferred to any surplus proceeds after the foreclosure sale. *Knowles v. Sullivan*, 182 Mass. 318, 319 (1902); *Wiggin v. Heywood*, 118 Mass. 514 (1875). In cases such as the present case, the surplus proceeds resulting from the foreclosure are held as trust property for the benefit of the second mortgagee, as well as any other lienholders, according to their priority. *Dennett v. Perkins*, 214 Mass. 449, 451 (1913). While a foreclosure of a senior mortgage would discharge any junior liens, the interest of the junior lienholders in the surplus proceeds is not extinguished. Rather, each junior lienholder has an equitable interest in the proceeds of the sale, and is entitled to any surplus to the extent of that interest in trust. *Pioneer Credit Corp. v. Bloomberg*, 323 F.2d 992, 993 (1st Cir. 1963).

It cannot be disputed that Pacific Security, as holder of the second Mortgage, is the senior lienholder among the defendants in this matter, as stated in the Complaint and the Answers filed

by the various parties. Pacific Security's position as second mortgagee entitles it to status of senior equitable lienholder on the surplus proceeds. Pacific Security is further entitled to full satisfaction of its debt under the terms of the Note and Mortgage prior to any other party, including but not limited to principal, interest, late charges, advances, and reasonable attorney's fees and costs of collection.

B.    **PACIFIC SECURITY IS ENTITLED TO ENFORCE THE NOTE ON BEHALF OF THE ORIGINAL HOLDER AND PAYEE, AS THE NOTE IS SUBJECT TO THE TWENTY-YEAR STATUTE OF LIMITATIONS PURSUANT TO MASS. GEN. L. Ch. 260, § 1.**

The Follinses' raise a statute of limitations defense to Pacific Security's claims, as set forth in the Joint Statement file in this case. The Follinses claim that the Note is subject to the six-year statute of limitation on contract actions set forth in Mass. Gen. L. ch. 260, § 2. Therefore, the Follins argue, Pacific Security's claims are barred by that statute, as well as by the limitations provisions contained in 11 U.S.C. §108(c), which provides:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of:
>
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>>
>> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Pacific Security asserts that its claims are not subject to the provisions of Mass. Gen. L. ch. 260, § 2, but are subject instead to the twenty-year limitation provisions of Mass. Gen. L. ch. 260, § 1, which provides in pertinent part:

> The following actions shall be commenced only within twenty years next after the cause of action accrues:
>
> > Third, Actions upon promissory notes signed in the presence of an attesting witness, if brought by the original payee or by his executor or administrator.[1]

The Note signed by the Follinses was also signed in the presence of an attesting witness. Foreman Aff., Exhibit "A." As such, the Note falls within the twenty-year limitation period of Mass. Gen. L. ch. 260, § 1.

The holder of a witnessed promissory note may maintain an action on that note for his own use in the name of the administrator of the payee, after the operation of the six-year statute of limitations, provided the action is brought with the consent of the administrator. *Sigourney v. Severy*, 4. Cush. 176, 178 (1849). An action brought in the name of and with the consent of the executors of the original payee is not barred by the six-year statute of limitation on contract actions. *Boutelle v. Carpenter*, 182 Mass. 417, 419 (1903).

This is also true for a purchaser of a purchaser of a witnessed promissory note, who may maintain an action thereon, in the name of the original payee, after expiration of the six-year limitation period. *Rockwood v. Brown*, 1 Gray 261, 263 (1854).

The present case falls squarely within the rule established in the *Sigourney* and *Rockwood* line of cases. Pacific Security has conclusively established that it is the successor-in-interest to the original payee, and it pursues its claims in the name of the original payee. Furthermore, Pacific Security has been expressly authorized by a direct power of attorney to pursue those claims by the original payee, i.e. Computer & Equipment Leasing Corporation, successor-in-interest by merger to Aetna Finance Company. Foreman Aff., ¶ 6. Therefore, there can be no

---

[1] The present version of the statute is substantially the same as prior historical versions of the statute, dating back to St. 1770-1, c. 9, § 8. All of these prior versions have recognized an exception to the six-year statute of limitations

argument that Pacific Security is not entitled to enforce the claims asserted, subject to the twenty-year limitation period of Mass. Gen. L. ch. 260, § 1.

## IV. CONCLUSION

Pacific Security has established that the Note is subject to the limitations provisions of Mass. Gen. L. ch. 260, § 1, and that Pacific Security is authorized to pursue its claims on behalf of the original payee. Furthermore, as the second mortgagee, Pacific Security's claims take priority over all other equitable claims of any party. There is no genuine issue of material fact and, therefore, Pacific Security is entitled to summary judgment as a matter of law.

Respectfully submitted,

AETNA FINANCE COMPANY, d/b/a
ITT FINANCIAL SERVICES, by its successor in
interest, PACIFIC SECURITY, LLC,
By its attorney,

_____
Daniel P. Murphy (BBO# 559400)
3 Courthouse Lane, Suite 4
Chelmsford, Massachusetts 01824
(978) 459-9888

Dated: April 29, 2005

---

for contracts when the contract sued upon is a promissory note executed in the presence of an attesting witness, brought by the original payee or by that payee's executor or administrator.