## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NEW HAVEN SAVINGS BANK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 03-12634 RCL** |
| **ALTHEA FOLLINS, HAROLD FOLLINS,** ) | |
| **AETNA FINANCE COMPANY, d/b/a ITT** ) | |
| **FINANCIAL SERVICES, SECOND** ) | |
| **FEDERAL FUNDING, UNITED STATES** ) | |
| **OF AMERICA, and BAY STATE GAS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## AFFIDAVIT OF CHRISTOPHER FOREMAN IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

I, Christopher Foreman, under oath, hereby depose and state as follows:

1.    I am the President of Boulder Corporation, an Illinois Corporation, the Manager of

Pacific Security, LLC ("Pacific Security"). Pacific Security is organized under the

laws of the state of Delaware, and maintains its principal place of business at 211 W.

Wacker Drive, Suite 710 Chicago, Illinois.

2.    Pacific Security holds a portfolio of secured and unsecured loans, which it collects

through a servicer. I am responsible for managing and overseeing the portfolio. As

such, my duties would include making any decisions relating to any of the loans in

the portfolio, establishing policies and procedures relating to the management of the

portfolio, and ensuring accurate record-keeping for the loans in the portfolio, among

other things.

3.    The facts stated in this affidavit are based upon my personal knowledge and my review of records kept in the regular course of business by Pacific Security.

4.    Pacific Security, as successor in interest to Aetna Finance Company d/b/a ITT Financial Services is the holder of a note in the original amount of $43,280.71 executed on September 22, 1987 by Harold Follins and Althea Follins ("the Note").

5.    Attached hereto as Exhibit "A" is a true and accurate copy of the Note executed by the Follinses.

6.    The Note is secured by a mortgage given by the Defendants on the property located at 5 Lori Lane, Randolph, Massachusetts, dated September 22, 1987 and recorded in the Norfolk County Registry of Deeds at Book 7747, Page 523 ("the Mortgage").

7.    A true and accurate copy of the Mortgage is attached hereto as Exhibit "B."

8.    In an Assignment of Mortgage dated May 13, 2004, Computer & Equipment Leasing Corporation, the successor in interest by merger to ITT Financial Services, assigned the Mortgage to Transamerica Financial Services.

9.    A true and accurate copy of that Assignment of Mortgage is attached hereto as Exhibit "C."

10.   Transamerica Financial Services then assigned the Mortgage to Pacific Security in an Assignment of Mortgage dated May 13, 2004. A true and accurate copy of the Assignment of Mortgage from Transamerica Financial Services to Pacific Security is attached hereto as Exhibit "D."

11.   Pacific Security is authorized by various powers of attorney and power of attorney substitutions to demand, reduce to possession, sue upon, collect, and receive funds for certain loans and retail installment contracts in its portfolio, including the Note.

Attached hereto as Exhibit "E" are true and accurate copies of these powers of attorney and power of attorney substitutions.

12.    Additionally, Pacific Security is specifically authorized, under a power of attorney from Computer & Equipment Leasing Corporation, successor to Aetna Finance Company, to demand, reduce to possession, sue upon, collect, and receive funds under the Note and Mortgage executed by the Follinses.

13.    Attached hereto as Exhibit "F" is a true and accurate copy of the powers of attorney from Computer & Equipment Leasing Corporation appointing Pacific Security as its attorney-in-fact.

14.    Attached hereto as Exhibit "G" is a true and accurate copy of the payment history for the Note.

15.    The Defendants defaulted on the Note by failing to make the payments required by the Note.

16.    The last payment made by the Defendants was in the amount of $1,120.00 on May 18, 1993. As of May 27, 2004, the total principal and interest due, not including costs of collection as allowed under the note and mortgage, was $122,924.34.

17.    Under Paragraph 4 of the Note, the Defendants were liable for all of the holder's costs and expenses incurred as a result of the default under the Note, including but not limited to reasonable attorney's fees.

18.    The total shown above does not include legal fees and costs which may be incurred in this action, additional late charges or corporate advances, and *per diem* interest.

Signed under the pains and penalties of perjury this 28 th day of April, 2005.

Christopher Foreman