

# DISCLOSURE STATEMENT, NOTE and SECURITY AGREEMENT

ITT FINANCIAL

ACCOUNT NO. 29465451
DUE DATE: 25
DATE OF LOAN: 09/22/87

NAME AND ADDRESS OF BORROWER (YOU):
ALTHEA FOLLINS
5 LORI LANE
RANDOLPH, MA 02368-5243

CO-BORROWER (YOU): HAROLD

$ PREPAID FIN. CHARGE (LOAN FEE): 3029.40
$ INTEREST (ESTIMATED): 66159.29
AMOUNT FINANCED: 69188.69 (approx)
FINANCE CHARGE

CANCELLATION DATE: 09/25/87
ACCRUAL DATE: 09/28/87

FEDERAL DISCLOSURE STATEMENT
NOTE RATE OF INTEREST %: 16.00
ANNUAL PERCENTAGE RATE: 16.00%

## ITEMIZATION OF THE AMOUNT FINANCED

| | | | |
|---|---|---|---|
| Amount given to you directly | $ 1457.99 | Insurance Company: | |
| Amount paid on your account | $ 33279.42 | Title Insurance | $ -0- |
| Amounts paid to others on your behalf: | see below | Credit Life | $ -0- |
| Public Officials (filing/recording fee) | $ 30.50 | Credit Disability | $ -0- |
| ~~IRS and Althea Follins~~ | $ 5353.31 | *Property | $ -0- |
| ~~Larry Dub and Althea Follins~~ | $ 40.00 (documentation) | | $ |
| ~~Larry Dub and Althea Follins~~ | $ 90.09 (title ins) | | $ |
| | $ | | $ |
| | $ | Prepaid Finance Charge | $ 3029.40 |

## PROMISSORY NOTE

"You" means each Borrower.

### REPAYMENT

You promise to pay to Lender the Prepaid Finance Charge and the Amount Financed, together with interest on the unpaid balance of the Amount Financed at the note rate of interest shown above until fully paid. You will pay principal and interest in consecutive monthly payments shown above beginning on the first payment due date and on the same day of each following month. Your last payment will be equal to the entire amount remaining unpaid, including earned interest, and it is due on the last payment due date. If any payment is not paid when due, the unpaid principal balance of the Amount Financed will continue to earn interest at the Agreed Rate of Interest stated herein. Lender will apply each payment first to any earned interest and the rest of the payment will be applied to the unpaid balance of the Amount Financed and the Prepaid Finance Charge until the loan is paid in full. This Note is secured by a mortgage on real property of this same date.

### DEFAULT

If you fail to make any payment when due or if you fail to perform any provision of any mortgage which secures this Note, then you will be in default on this loan. Upon default Lender may, without notice, require that you pay immediately the entire unpaid balance of the Amount Financed and the Prepaid Finance Charge plus earned interest. If this Note and the mortgage securing it are referred to an attorney for collection or foreclosure, you agree to pay actual and reasonable attorney's fees and foreclosure

**DISCLOSURE STATEMENT**



RATE



### ITEMIZATION OF THE AMOUNT FINANCED

| | | Insurance Company: | |
|---|---|---|---|
| Amount given to you directly | $ 1457.99 | Title Insurance | $ -0- |
| Amount paid on your account | $ 33279.42 | Credit Life | $ -0- |
| Amounts paid to others on your behalf: | see below | Credit Disability | $ -0- |
| Public Officials (filing/recording fee) | $ 30.50 | *Property | $ -0- |
| IRS and Althea Follins | $ 5353.31 | | $ |
| Larry Dub and Althea Follins | $ 40.00 (documentation) | | $ |
| Larry Dub and Althea Follins | $ 90.02 (title ins) | | $ |
| | $ | Prepaid Finance Charge | $ 3029.40 |

### 4 PROMISSORY NOTE

"You" means each Borrower.

#### REPAYMENT

You promise to pay to Lender the Prepaid Finance Charge and the Amount Financed, together with interest on the unpaid balance of the Amount Financed at the note rate of interest shown above until fully paid. You will pay principal and interest in consecutive monthly payments shown above beginning on the first payment due date and on the same day of each following month. Your last payment will be equal to the entire amount remaining unpaid, including earned interest, and it is due on the last payment due date. If any payment is not paid when due, the unpaid principal balance of the Amount Financed will continue to earn interest at the Agreed Rate of Interest stated herein. Lender will apply each payment first to any earned interest and the rest of the payment will be applied to the unpaid balance of the Amount Financed and the Prepaid Finance Charge until the loan is paid in full. This Note is secured by a mortgage on real property of this same date.

#### DEFAULT

If you fail to make any payment when due or if you fail to perform any provision of any mortgage which secures this Note, then you will be in default on this loan. Upon default Lender may, without notice, require that you pay immediately the entire unpaid balance of the Amount Financed and the Prepaid Finance Charge plus earned interest. If this Note and the mortgage securing it are referred to an attorney for collection or foreclosure, you agree to pay actual and reasonable attorney's fees and foreclosure costs as permitted by law.

If one-half or more of a payment is unpaid fifteen (15) or more days after the due date, you will pay a late charge equal to five cents (5¢) for each dollar of the amount that is unpaid.

#### PREPAYMENT

You may prepay in full or in part at any time. If you prepay in full within one (1) year of the date of this loan, you will pay a prepayment penalty of 2% of the balance due.

No portion of the Prepaid Finance Charge will be refunded.

You understand that if Lender allows a greater time for payment of all or any part of the amount owing on this Note, this will not change the liability of anyone signed on this Note or of any surety or guarantor of this Note.

You will pay a **$5.00** charge each time a check or draft given in payment of this loan is returned unpaid due to insufficient funds.

#### APPLICABLE STATE LAW

The Lender is licensed under and this loan is made according to Section 19-25.2 of the General Laws of Rhode Island, 1956 as amended. Lender may make adjustments to avoid payment of any charges greater than those authorized.

### 5 SECURITY AGREEMENT:
To secure payment and performance of the note and all renewals and extensions, you

## SECURITY AGREEMENT

With respect to the collateral shown on the reverse, Borrower(s) agrees as follows:

1. <u>WARRANTIES.</u> Borrower(s) owns the collateral free of any lien and shall keep the collateral in good repair, free from all liens and security interests. Borrower(s) shall not sell or transfer any part of the collateral without Lender's prior written consent, nor will Borrower(s) destroy the collateral or use it unlawfully or for hire. The collateral will be kept at Borrower(s) address shown on the reverse side and will not be removed without Lender's prior written consent. Lender may inspect the collateral at reasonable times. Borrower(s) will sign any financing statement or other documents reasonably necessary for Lender to establish and maintain a security interest. Borrower(s) shall, at his expense, execute and defend any financing statement, application for certificate of title, or security agreement against all claims by any person other than Lender. All statements made in any financial statements, applications, notes and this security agreement are true, and the value given the collateral is the fair market value as determined by Borrower(s). If said note finances a balance due on a purchase money sale contract, or a loan to finance the purchase of property, both parties agree that a purchase money security interest is retained to the extent of the balance of the purchase price due, and that each payment received will reduce the purchase money security interest proportionately until the expiration date, three years from the purchase date. If this finances two or more purchase price contracts or purchase money loans, the earliest purchases will be paid off first; smaller purchases of the same date will be paid off first.

2. <u>CHANGE OF ADDRESS.</u> Borrower(s) shall immediately notify Lender of any change of address.

3. <u>INSURANCE AND TAXES.</u> Unless otherwise indicated in writing, Borrower(s) shall insure the collateral for a reasonable amount against fire and other hazards. All insurance shall be made payable to Lender and Borrower(s) as their interests may appear. The proceeds, whether paid by loss, unearned premium, or otherwise shall be applied toward the replacement of the collateral or toward payment of the secured debt at the option of Lender. If proceeds are applied to the debt, Borrower(s) remains liable to make each monthly payment until paid in full. The insurance policy shall provide for at least 10 days written notice of cancellation, lapse or expiration to Lender. Borrower(s) shall pay all taxes, assessments and other fees payable on the collateral when they are due.

4. <u>DEFAULT.</u> Borrower(s) is in default upon failure to pay any installment when due; upon failure to comply with any provision of this security agreement or the note; if a proceeding in bankruptcy, receivership or insolvency is started by or against Borrower(s) or the collateral; or when Borrower(s) or a surety dies or ceases to exist. Lender's waiver of default or acceptance of any late payment does not waive any other default.

5. <u>REMEDIES UPON DEFAULT.</u> Upon default, Lender may, at its option and without notice, unless notice of right to cure and a cure period is provided for in the note or under state law, declare the entire unpaid balance of the secured obligation (less any unearned interest and unearned insurance premium), immediately due and payable and may exercise its rights of enforcement, including the right to peaceably repossess the collateral. Lender may also recover from Borrower(s) any reasonable and lawful expenses incurred in enforcing this security agreement. Notice mailed to the Borrower(s) address on the reverse side 10 days before the date of public sale of the collateral, or the date after which a private sale will take place, is reasonable notice.

---

**NOTICE**
**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

RI-1510 Rev. 9/87   © ITTCFC, 1987

Page 2 of 2