UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>               Plaintiff<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY D/B/A<br>ITT FINANCIAL SERVICES,<br>SECOND FEDERAL FUNDING,<br>UNITED STATES OF AMERICA, AND<br>BAY STATE GAS,<br><br>               Defendants | Case No. 03-12634 – RCL |

OPPOSITION OF ALTHEA AND HAROLD FOLLINS
TO STATEMENT OF MATERIAL FACTS OF PACIFIC SECURITY LLC

Pursuant to Local Rule 56.1, the Defendants/Plaintiffs-in-Counterclaim Althea and Harold Follins (hereinafter the FOLLINSES) hereby submit this Opposition/ Response to the Statement of Material Facts of Pacific Security LLC (hereinafter PACIFIC SECURITY)

1. The FOLLINSES admit that they executed the September 22, 1987 Note in the original amount of $43,280.71 (hereinafter the NOTE) but deny that PACIFIC SECURITY is the holder thereof.[1]

2. The FOLLINSES admit that the NOTE was secured by the September 22, 1987 mortgage on the property at 5 Lori Lane, Randolph, MA (hereinafter the MORTGAGE).

---

[1] See ¶¶11-28 of the FOLLINSES' companion Statement of Material Facts in support of their Cross-Motion for Summary Judgment which, in substance, shows that the documents proffered by PACIFIC SECURITY fail to establish its status as the holder of the NOTE.

1

3. The FOLLINSES admit that the instrument attached as Exhibit "C" to the Foreman Affidavit purports to be a May 13, 2004 assignment of the NOTE and MORTGAGE to Transamerica Financial Services (hereinafter TFS) by Computer & Equipment Leasing Corporation (hereinafter C&E) but deny that this assignment (i) was effective to transfer the NOTE and MORTGAGE to PACIFIC SECURITY or (ii), even if so effective, transferred a valid and enforceable claim thereunder entitling PACIFIC SECURITY to the foreclosure sale proceeds (hereinafter the PROCEEDS) that are the subject of this action.[2]

4. The FOLLINSES admit that the instrument attached as Exhibit "D" to the Foreman Affidavit purports to be a May 13, 2004 assignment of the NOTE and MORTGAGE to PACIFIC SECURITY by TFS but deny that this assignment (i) was effective to transfer the NOTE and MORTGAGE to PACIFIC SECURITY or (ii), even if so effective, transferred a valid and enforceable claim thereunder entitling PACIFIC SECURITY to the PROCEEDS.[3]

5. The FOLLINSES admit that those instruments comprising Exhibit "E" to the Foreman Affidavit purport to be various powers of attorney and power of attorney substitutions but deny that:

---

[2] See ¶¶11-28 of the FOLLINSES' companion Statement of Material Facts in support of their Cross-Motion for Summary Judgment which, in substance, shows that the documents proffered by PACIFIC SECURITY fail to establish its status as the holder of the NOTE and MORTGAGE or that it currently holds a valid and enforceable claim entitling it to the PROCEEDS.

[3] See ¶¶11-28 of the FOLLINSES' companion Statement of Material Facts in support of their Cross-Motion for Summary Judgment which, in substance, shows that the documents proffered by PACIFIC SECURITY fail to establish its status as the holder of the NOTE and MORTGAGE or that it currently holds a valid and enforceable claim entitling it to the PROCEEDS].

    A. (i) those documents were effective to entitle PACIFIC SECURITY to demand, sue upon, collect, or receive the amounts allegedly due under the NOTE and MORTGAGE or that (ii) PACIFIC SECURITY has proffered sufficient documentation to establish that it holds a valid and enforceable claim to the NOTE and MORTGAGE entitling it to the PROCEEDS.[4]

    B. the copies of those documents which are not instruments executed by or delivered to PACIFIC SECURITY are properly before the Court as they are (i) instruments signed by third-parties who are not participants in this action and (ii) instruments to which Christopher Foreman is not competent to attest as he is neither an officer, director, or authorized agent of those third-parties.

6. The FOLLINSES admit that the instrument attached as Exhibit "F" to the Foreman Affidavit purports to be a February 2, 2005 Power of Attorney given by C&E to PACIFIC SECURITY but deny that this Power of Attorney is effective to entitle PACIFIC SECURITY to demand, sue upon, collect, or receive the amounts allegedly due under the NOTE and MORTGAGE or that (ii) PACIFIC SECURITY has proffered sufficient documentation to establish that it holds a valid and enforceable claim to the NOTE and MORTGAGE entitling it to the PROCEEDS.[5]

---

[4] See ¶¶11-28 of the FOLLINSES' companion Statement of Material Facts in support of their Cross-Motion for Summary Judgment which, in substance, shows that the documents proffered by PACIFIC SECURITY fail to establish its status as the holder of the NOTE and MORTGAGE or that it currently holds a valid and enforceable claim entitling it to the PROCEEDS.

[5] See ¶¶11-28 of the FOLLINSES' companion Statement of Material Facts in support of their Cross-Motion for Summary Judgment which, in substance, shows that the documents proffered by PACIFIC SECURITY fail to establish its status as the holder of the NOTE and MORTGAGE or that it currently holds a valid and enforceable claim entitling it to the PROCEEDS].

7. The FOLLINSES admit that they defaulted on the NOTE.

8. The FOLLINS admit that the last payment made on the NOTE was on May 18, 1993 but deny that, as of May 27, 2004, the total principal and interest due was $122,924.34 or that PACIFIC SECURITY is entitled to recover any portion of that sum.[6]

9. The FOLLINSES admit that Paragraph 4 of the NOTE provides for the recovery of costs, expenses and counsel fees but deny that PACIFIC SECURITY is entitled to recover any portion of that sum.[7]

>                               Respectfully submitted
>
>                               Althea Follins and Harold Follins
>                               By their attorneys
>
>
>                               s/Gordon N. Schultz, Esq.
>                               BBO #447600
>                               Schultz & Company
>                               One Washington Mall
>                               Boston, MA 02108
>                               617.723.9090
>                               SchultzCompany@aol.com

Dated: May 13, 2005

---

[6] See ¶¶11-28 of the FOLLINSES' companion Statement of Material Facts in support of their Cross-Motion for Summary Judgment which, in substance, shows that the documents proffered by PACIFIC SECURITY fail to establish its status as the holder of the NOTE and MORTGAGE or that it currently holds a valid and enforceable claim entitling it to the PROCEEDS.

[7] See ¶¶11-28 of the FOLLINSES' companion Statement of Material Facts in support of their Cross-Motion for Summary Judgment which, in substance, shows that the documents proffered by PACIFIC SECURITY fail to establish its status as the holder of the NOTE and MORTGAGE or that it currently holds a valid and enforceable claim entitling it to the PROCEEDS.