UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>        Plaintiff<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY D/B/A<br>ITT FINANCIAL SERVICES,<br>SECOND FEDERAL FUNDING,<br>UNITED STATES OF AMERICA, AND<br>BAY STATE GAS<br><br>        Defendants | Case No. 03-12634 – RCL |

ALTHEA AND HAROLD FOLLINSES' MOTION TO STRIKE PORTIONS OF
AFFIDAVIT AND EXHIBITS OF CHRISTOPHER FOREMAN

The Defendants/Plaintiffs-in-Counterclaim Althea Follins and Harold Follins (hereinafter collectively the FOLLINSES), hereby move to strike the following portions of the Affidavit and Exhibits of Christopher Foreman (hereinafter the "FOREMAN AFFIDAVIT") submitted by Pacific Security, LLC (hereinafter "PACIFIC SECURITY"):

1. ¶¶ 12 and 13 and Exhibit "F" thereto, being the references to the February 2, 2005 Power of Attorney (hereinafter "2005 POWER") secured by PACIFIC SECURITY from Computer and Equipment Leasing Corporation (hereinafter "C&E").

2. The following Powers of Attorney, copies of which are referenced in ¶ 11 of the Affidavit and are contained in Exhibit "E" thereof, and particularly described as follows:

1

    A. The January 24, 2000 Power of Attorney to TransAmerica Home Loan from various "HFTA" entities;

    B. January 30, 1998 Power of Attorney to TransAmerica Financial Services from C&E;

    C. March 24, 1998 Power of Attorney to TransAmerica Financial Services from C&E.

As grounds therefor, the FOLLINSES respectfully represent as follows:

1. As set forth in §28 of the FOLLINSES' Statement of Material Facts in Support of their Cross-Motion for Summary Judgment, the 2005 POWER was secured by PACIFIC SECURITY only three (3) months ago and well after the commencement of this litigation.

2. As such, and as argued in more detail in the FOLLINSES' Companion Memorandum of Law, the 2005 POWER is ineffective because it was secured to perfect an interest claimed in this litigation but <u>after</u> the litigation began and <u>after</u> the six (6) year statute of limitations period had already expired.[1]

3. In addition, given the failure of PACIFIC SECURITY to provide any underlying purchase documentation to support the legitimacy of the various Powers of Attorney, and in particular, the July 29, 2002 Purchase Agreement and Bill of Sale (herein the "2002 PURCHASE AGREEMENT"), PACIFIC SECURITY cannot demonstrate that C&E had an interest in the FOLLINSES' Note and Mortgage on February 2, 2005 when it executed

---

[1] PACIFIC SECURITY obtained this document in February 2005 for the sole purpose of being able to assert that it could rely on the 20 year statute of limitations — the only basis upon which it can assert its claim since more than six (6) years passed since the FOLLINSES admitted default date of May 1993. The difficulty with its doing so, however, is that the six year period had already expired by the time this action was initially commenced on November 19, 2003 in Norfolk Superior Court. Thus, its rights had already lapsed before the action even began and long before it secured the 2005 POWER.

Power of Attorney.  Indeed, from the explication set forth in the FOLLINSES' Statement of Material Facts, it is highly unlikely that it had any such interest at that time.

4. As such, 2005 POWER OF ATTORNEY has no independent significance and is not probative of what PACIFIC SECURITY seeks to establish. The FOLLINSES are thus entitled to employ the required Summary Judgment protocol in such circumstances and ask that the instrument be stricken.

5. In like manner, the other three Powers of Attorney should also be stricken.  First, none of those Powers of Attorney were either executed by or delivered to PACIFIC SECURITY.  Rather, they are all instruments of business entities who are not parties to this litigation.

6. Consequently, in order for those instruments to be competent evidence and properly made a part of the summary judgment record, they must be authenticated by authorized officers of the third-party corporate entities who signed them.  Without that authentication, the FOREMAN AFFIDAVIT and these instruments are subject to being stricken as inadmissible hearsay, e.g., Lacey v. Lumber Mutual Fire Insurance Company of Boston, 554 F.2d 1204 (1st Cir. 1977); and are therefore not competent or admissible to support the facts for which PACIFIC SECURITY offers them. e.g., Mitchell v. Dooley Bros., 286 F.2d 40, 41-42 (1st Cir. 1960)("A copy of a letter, even verbatim and signed, is still unauthenticated and hearsay" and it would not "have been error in the case at bar for the court to have refused to consider these letters."); accord, Net2 Press, Inc. v Dix Avenue Corp., 266 F.Supp.2d 146 (D. Me  2003).

7. Second, and as the FOLLINSES have also argued in their Memorandum of Law, the Powers of Attorney — standing alone — are ineffective to transfer the loan assets to which

3

they refer.  Consequently, without production of the underlying purchase documentation by PACIFIC SECURITY which would authenticate and corroborate the validity and efficacy of the Powers, the three Powers have no independent probative force as none specifically mentions the FOLLINSES' Note and Mortgage which are the subject of this action.

WHEREFORE, the FOLLINSES request that the within referenced documents be stricken and not considered as a part of the Summary Judgment record and for such other relief as may be appropriate.

> Respectfully submitted
>
> Althea Follins and Harold Follins
> By their attorneys
>
> s/Gordon N. Schultz
> BBO #447600
> Schultz & Company
> One Washington Mall
> Boston, MA 02108
> 617.723.9090
> SchultzCompany@aol.com

Dated: May 13, 2005