UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>        Plaintiff<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY D/B/A<br>ITT FINANCIAL SERVICES,<br>SECOND FEDERAL FUNDING,<br>UNITED STATES OF AMERICA, AND<br>BAY STATE GAS,<br><br>        Defendants | Case No. 03-12634 - RCL |

AFFIDAVIT OF GORDON N. SCHULTZ, ESQ.
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF PACIFIC
SECURITY LLC AND IN SUPPORT OF CROSS-MOTION FOR SUMMARY
JUDGMENT

Now come the undersigned, Gordon N. Schultz, Esq., and, on oath, deposes and states as follows:

1. I am an attorney and a Member of the Bar of the Commonwealth of Massachusetts, having been licensed to practice since November of 1969.

2. I am counsel of record to the Defendants Althea and Harold Follins (hereinafter the "FOLLINSES") in this action.

3. I make this Affidavit in support of the FOLLINSES' Opposition to the Motion for Summary Judgment of Pacific Security LLC and in support of their Cross-Motion for Summary Judgment.

4. The purpose of this Affidavit is to place before the Court:

    A. Certain documents of record which I obtained from the United States Bankruptcy Court with respect to a 1995 bankruptcy proceeding of the FOLLINSES; and

    B. Certain communications exchanged with Daniel Murphy, Esq. (hereinafter MURPHY), counsel for Pacific Security LLC (hereinafter PACIFIC SECURITY) during the discovery phase of this proceeding and relating directly to the production of documents critical to the material issues in this case.

    C. Certain documents produced by Second Federal Funding Corp. (hereinafter SECOND FEDERAL) during the discovery phase of this proceeding; and relating directly to the material issues in this case.

5. The facts stated in this Affidavit are based upon my personal knowledge and direct involvement with respect to the matters referenced; and the purpose of my Affidavit is to provide a vehicle by which these documents may be placed before the Court for consideration as a part of the Summary Judgment record.

6. On June 13, 1995, the FOLLINSES filed a Joint Bankruptcy Petition in the United States Bankruptcy Court for the District of Massachusetts and were assigned Case No. 95-14046-CJK. A true and accurate copy of the so-called "Notice of Commencement of Case under Chapter 13 of the Bankruptcy Code, Meeting of Creditors and Fixing of Dates" is attached hereto as Exhibit "1."

7. On September 18, 1995, TransAmerica Financial Services (hereinafter TFS) filed a Proof-of-Claim in the FOLLINSES Bankruptcy Proceeding (hereinafter the TFS PROOF) in the amount of $41,948.16 representing what it alleged to be the balance then due from the FOLLINSES under the September 27, 1987 "Disclosure Statement, Note and Security

Agreement" (hereinafter the "NOTE") which is the subject of the within proceeding. A true and accurate copy of the TFS PROOF is attached hereto as Exhibit "2."

8. On December 18, 1995, the FOLLINSES filed an Objection to the TFS PROOF; and that Objection was thereafter sustained by the Bankruptcy Court on February 26, 1996. Attached hereto as Exhibit "3" is a true and accurate copy of the relevant portion of the Bankruptcy Court's Docket with entries #22 and #29.

9. No Appeal therefrom was filed by TFS within the ten (10)-day period mandated by Bankruptcy Rule 8002. Attached hereto as Exhibit "4" is a true and accurate copy of the relevant portion of the Bankruptcy Court's Docket showing the entries made within that ten (10)-day period.

10. Attached hereto as Exhibit "5" is a true and accurate copy of correspondence to the undersigned from MURPHY, dated January 18, 2005, following several oral communications to MURPHY relative to the undersigned's request that PACIFIC SECURITY produce copies of the purchase agreements referenced in the various Powers of Attorney which had been earlier provided by PACIFIC SECURITY.

11. Attached hereto as Exhibit "6" is a true and accurate copy of correspondence to MURPHY from the undersigned, dated January 24, 2005, evidencing the undersigned's request that PACIFIC SECURITY produce copies of each of the purchase agreements that are specifically referenced in each Power of Attorney.

12. Attached hereto is Exhibit "7" is a true and accurate copy of correspondence to the undersigned from MURPHY, dated February 9, 2005, confirming PACIFIC SECURITY'S decision not to produce copies of the underlying purchase documentation.

13. Attached hereto as Exhibit "8" is a true and accurate copy of a recorded June 6, 1989 mortgage on the PROPERTY originally granted by the FOLLINSES to Kayak Manufacturing Corp. (hereinafter KYACK) in the face amount of $18,874.80 (hereinafter the SF MORTGAGE).

14. Attached hereto as Exhibit "9" is a true and accurate copy of a recorded Assignment of the SF MORTGAGE to FEDERAL FUNDING.

15. Attached hereto as Exhibit "10" is a true and accurate copy of an Affidavit of Lost Promissory Note executed by SECOND FEDERAL confirming its inability to produce any records of the (i) loan transaction between KYACK and the FOLLINSES and (ii) the subsequent assignment to it from KYACK because all of the records of the transaction have been destroyed.

Signed under pains and penalties of perjury this 13 day of May 2005.

     s/Gordon N. Schultz_____
     Gordon N. Schultz