US Bankruptcy Court
10 Causeway Street
Boston MA 02222-1074

UNITED STATES BA_ _ (RUPTCY COURT

District of Massachusetts

NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 13
OF THE BANKRUPTCY CODE,
MEETING OF CREDITORS, AND FIXING OF DATES

Case Number: 95-14046 CJK

Date Filed (or Converted) : 06/13/95

IN RE(NAME OF DEBTOR)
Harold Follins, [redacted]
Althea Follins, [redacted]

TRANSAMERICA FINANCE
690 CANTON STREET
WESTWOOD MA 02090

ADDRESS OF DEBTOR
5 Lori Lane
Randolph, MA 02368

NAME/ADDRESS OF ATTORNEY FOR DEBTOR
Richard S. liackel -
98 North Washington Street
Boston, MA 02114

Telephone Number: (617) 742-1899

NAME/ADDRESS OF TRUSTEE
James M. Lynch
P.O. Box 8250
Boston, MA 02114-0033

Telephone Number: (617) 523-0728

DATE/TIME/LOCATION OF MEETING OF CREDITORS
September 7, 1995 at 10:00 am
Thomas P. O'Neill Federal Building
10 Causeway Street, Room 255-A
2nd Floor
Boston, MA 02222

DATE/TIME/LOCATION OF HEARING ON CONFIRMATION OF PLAN
September 7, 1995 at 10:00 am
Thomas P. O'Neill Federal Building
10 Causeway Street, Room 255-A
2nd Floor
Boston, MA 02222

DEADLINE TO FILE A PROOF OF CLAIM: For Creditor Other Than Government Units: 12/06/95
For Government Units: 180 days from date of Order of Relief
)(] The debtor has filed a plan [ ] A plan has not been filed as of this date

COMMENCEMENT OF CASE. An individual's debt adjustment case under chapter 13 of the Bankruptcy Code has been filed in this court by the debtor or debtors named above, and an order for relief has been entered. You will not receive notice of all documents filed in this case. All documents filed with the court, including lists of the debtor's property and debts, are available for inspection at the office of the clerk of the bankruptcy court.

CREDITORS MAY NOT TAKE CERTAIN ACTIONS. A creditor is anyone to whom the debtor owes money. Under the Bankruptcy Code, the debtor is granted certain protection against creditors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions, repossessions, or wage deductions. Some protection is also given to certain codebtors of consumer debts. If unauthorized actions are takepp by a creditor against a debtor, or a protected codebtor, the court may punish that creditor. A creditor who is considering taking action against the debtor or the property of the debtor, or any codebtor, should review Sec. 362 and 1301 of the Bankruptcy Code and may wish to seek legal advice. The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

MEETING OF CREDITORS. The debtor Sboth husband and wife in a joint case) is required to appear at the meeting of creditors on the date and at the place set forth above labeled "baterTime%Location of Meeting of Creditors9or the purpose of being examined under oath. Attendance by creditors at the meeting is welcomed, but not required. At the meeting, the creditors may examine the debtor and transact such other business as may properly come before the meeting The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors.

PROOF OF CLAIM. Except as otherwise provided by law, in order to share In any payment from the estate,.a creditor must file a proof of claim by the date set forth above labeled "Filing Claims." The place to file the proof of claim, either in person or by mail, is the office of the clerk of the bankruptcy court. Proof of claim forms are available in the clerk's office of any bankruptcy court. The creditor shall serve a copy of the proof of claim upon the debtor's counsel, the debt( if unrepresented by counsel, and the Chapter 13 trustee, and shall file a proof of service indicating the parties served and the date and method of service.

PURPOSE OF A CHAPTER 13 FILING. Chapter 13 of the Bankruptcy Code is designed to enable a debtor to pay debts in full or in part over a period of time pursuant to a plan. A plan is not effective unless approved by the bankruptcy court at a confirmation hearing. Creditors will be given notice in the event the case is dismissed or converted to another chapter of the Bankruptcy Code. Notice is hereby given that any creditor or other interested party who wishes to receive the notice of the trustee's intention to abandon property of the estate pursuant to 11 U.S.C. Sec. 554(a) must file with the Court and serve upon the trustee and United States Trustee a written request for such notice within ten (10) days from the date first scheduled for the meeting of creditors.

FILE CLAIM WITH ATTACHMENTS, IF ANY, IN DUPLICATE WITH:

U.S. Bankruptcy Court
11th Floor Rm 1101
10 Causeway Street
Boston, MA 02222

By the Court:

08/12/95
Date

FORM B9I 0051

Bancap 341 7/24/92 arnc

EXHIBIT -1

**United States Bankruptcy Court**

District of

# PROOF OF CLAIM

In re (Name of Debtor) Harold Follins and Althea Follins

Case Number "95-14046 CJK

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A'request' for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor
*(The person or other entity to whom the debtor owes money or property)*
Transamerica Financial Services

Name and Address Where Notices Should be Sent
Transamerica Financial Services -
690 Canton Street, Suite 340
Westwood, MA 02090

Telephone No. 617-326-3959

0 Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy pf statement giving particulars.

mat Check box if you have never received any notices from the bankruptcy court in this case.

■ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
2030—702934

Check here if this claim 0 emend a previously filed claim, dated:

1. BASIS FOR CLAIM
- ❑ Goods sold
- ❑ Services perfomed
- ~CMoney loaned
- ❑ Personal injury/wrongful death
- ❑ Taxes
- ❑ Other (Describe briefly)
- ❑ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ❑ Wages, salaries, and compensation (Fill out below)

Your social security number

Unpaid compensation for services performed
from (date) to (date)

2. DATE DEBT WAS INCURRED
09/22/87

3. IF COURT JUDGMENT, DATE OBTAINED:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secrued:It is possible for part of a claim to be in one category and part in another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

gkSECURED CLAIM $ 41 , 948.16
Attach evidence of perfection of security interest
Brief Description of Collateral:
Real Estate ❑ Motor Vehicle ❑ Other (Describe briefly)

Amount of arrearage and other charaes at time case filed included in secured claim above, if any $ 8 r 21.70 back interest NOT included above

❑ UNSECURED NONRRIORITY CLAIM $
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

❑ UNSECURED PRIORITY CLAIM $
Specify the priority of the claim.

- ❑ Wages, salaries, or commissions (up to $4000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)
- • Contributions to an employee benefit plan—11 U.S.C. § 507(a)(4)
- II Up to $1,800' of deposits toward purchase, lease, or rental of property or services for personal, family, or household use—11 U.S.C. § 507(a)(6)
- II Alimony, maintenance, or support owed to a spouse, former spouse, or child 11 U.S.C. § 507(a)(7)
- • Taxes or penalties of governmental units—11 U.S.C. § 507(a)(8)
- ❑ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)

'Amounts are subject to adjustment on 4/11/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. TOTAL AMOUNT OF CLAIM AT THE TIME CASE FILED: | $ 0.00 | $ 41, 948.16 | $ 0.00 | $ '41,948.16 |
|---|---|---|---|---|
| | (Unsecured) | (Secured) | (Priority) | (Total) |

❑ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS: The amount of al payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim; claimant has deducted an amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS: Attach *conies of sunoortino documents.* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. B the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed enveloped and copy of this proof of claim. •

THIS SPACE IS FOR COURT USE ONLY

Date q.

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

Ren Bucchianeri, _

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

TRANSAMERICA FINANCIAL SERVICES - MINNEAPOLIS
SALE ANALYSIS WORKSHEET
03/20/96

| PROPERTY IDENTIFICATION ADDRESS / LOAN NUMBER | OWNERSHIP/ BORROWER | DEPT. / CONTACT REGION | REFERRED DATE |
|---|---|---|---|
| 5 LORI LANE, RANDOLPH, MA 706515 | FOLLINS, ALTHEA | 2222 / 14839 20 | 12/22/95 |

| | | F/C vs Walk | | | BID vs Walk | | |
|---|---|---|---|---|---|---|---|
| Market Value or Price Range: | | | 130,000.00 | | | 120,000.00 |
| Less: TFS Net Balance | | **41,948.16** | | | **41,948.16** | |
| 1st Mortgage Payoff | | 112,500.00 | | | 112,500.00 | |
| Payments Made to Superior Lien: | | 0.00 | | | 0.00 | |
| Other Superior Liens | | 0.00 | | | 0.00 | |
| Real Estate Taxes | | 562.39 | | | 562.39 | |
| Legal Costs | | 2,500.00 | | | 2,500.00 | |
| Realtor Commission | 7.00 | 9,100.00 | | 7.00 | 8,400.00 | |
| Repairs | | 1,000.00 | | | 1,000.00 | |
| Total Closing Costs | 3.00 | 3,900.00 | | 3.00 | 3,600.00 | |
| Holding Costs. Months 8 | 7.00 | 1,957.58 | | 0 0.00 | 1;957.58 | |
| Assessments/Taxes | | 0.00 | 173,468.13 | | 0.00 | 172,468,13 |
| Gain/(Loss) on Disposition: | | | -43,468.13 | | | -52,468.13 |

| | | |
|---|---|---|
| 02/26/1996 | 29 | KENNER, J. Order **Regarding** [22-1] Claims Objection **by Harold** Follins; Althea Follins. THE OBJECTION IS SUSTAINED FOR THE REASONS STATED ON THE RECORD. Entered on 2/26/96 (jrc) (Entered: **02/27/1996)** |
| 02/22/1996 | 28 | Amended **Schedules** I **and** J And Certificate of Service. (jrc) (Entered: 02/22/1996) |
| 02/21/1996 | | KENNER, J. **Endorsement** Order **Granting** [27-1] Amended **Schedules** Entered on 2/21/96 (jrc) (Entered: 02/22/1996) |
| 02/20/1996 | 27 | **Motion** to Amend **Schedules** I **and** J And Certificate of Service. (jrc) (Entered: **02/21/1996)** |
| 02/13/1996 | 26 | Notice of **Appearance And** Request For Service Of Notice **By Andrew S. Harmon** for Creditor **Transamerica** Financial Services. (plc) (Entered: **02/13/1996)** |
| 01/17/1996 | 25 | Order Granting [21-1] **Application** For **Compensation by Richard** S. **Hackel** payment **to Richard** S. **Hackel** of $3902.50 in fees . Entered on 1/17/96 (jrc) (Entered: **01/17/1996)** |
| 12/29/1995 | 24 | Certificate Of Service By **Richard** S. Hackel for Debtor Althea Follies, **Debtor Harold** Follins Of [0-0] **Hearing, Scheduled** for 2/26/96 at 9:00 am re: [22-1] Claims Objection by **Harold** Follins, Althea Follins (jrc) (Entered: 01/02/1996) |
| 12/26/1995 | | **Hearing Re: [22-1] Claims Objection by Harold Follins, Althea** Follins hrg For 9:00 2/26/96 at **Courtroom** 4, arc) (Entered: 12/26/1995) |
| 12/18/1995- | 23 | Certificate Of Service **By Richard S. Hackel** for Debtor Althea Follins, **Debtor Harold** Follins Of Notice of **Objection Deadline** re: [21-1] **Application** For **Compensation by Richard S.** Hackel . (jrc) (Entered: 12/21/1995) |
| 12/18/1995 | 22 | **Objection By** Debtor Althea Follins, Debtor **Harold** Follins To Claim of **Transamerica Financial** Services. c/s (jrc) (Entered: 12/21/1995) |
| 12/14/1995 | | Last day for **Objections** to [21-1] **Application** For Compensation **by Richard** S. Hackel due on 4:00 1/16/96 (jrc) (Entered: 12/14/1995) |
| 12/13/1995 | 21 | **Application By Richard S. Hackel** for Debtor **Althea** Follins, Debtor **Harold** Follins For **Compensation .** c/s (jrc) (Entered: 12/14/1995) |

E)(411B 1 -3

| | | |
|---|---|---|
| 09/23/1996 | 37 | Certificate Of Service of Notice of Hearing By Stephanie Kahn for Creditor New Haven Saving Bank Of [0-0] Hearing scheduled for 10/21/96 at 9:00 a.m., Re: [33-1] Motion For Relief from Automatic Stay On Property Located at 5 Lori Lane, Randolph MA by New Haven Saving Bank . (mnd) (Entered: 09/24/1996) |
| 09/11/1996 | 36 | Certificate Of Service By Stephanie Kahn for Creditor New Haven Saving Bank Of [0-0] Hearing 10/21/96 9:00 a.m. Re: [33-1] Motion For Relief from Automatic Stay On Property Located at 5 Lori Lane; Randolph MA by New Haven Saving Bank . (ndl) (Entered: 09/12/1996) |
| 08/29/1996 | 35 | Waiver filed by: Stephanie Kahn for Creditor New Haven Saving Bank Re: [33-1] Motion For Relief from Automatic Stay On Property Located at 5 Lori Lane, Randolph MA by New Haven Saving Bank (jrc) (Entered: 08/29/1996) |
| 08/28/1996 | | Hearing Re: [33-1] Motion For Relief from Automatic Stay On Property Located at 5 Lori Lane, Randolph MA by New Haven Saving Bank hearing For 9:00 10/21/96 at Courtroom 4, (jrc) (Entered: 08/28/1996) |
| 08/16/1996 | 34 | Objection By Debtor Althea Follins, Debtor Harold Follins To [33-1] Motion For Relief from Automatic Stay On Property Located at 5 Lori Lane, Randolph MA by New Haven Saving Bank c/s . (jrc) (Entered : 08/20/1996) |
| 08/06/1996 | 33 | Motion By Creditor New Haven Saving Bank For Relief from Automatic Stay On Property Located at 5 Lori Lane, Randolph MA . c/s DEADLINE FOR FILING RESPONSE 8/19/96 (jrc) (Entered: 08/07/1996) |
| 06/26/1996 | 32 | Certificate Of Service By Richard S. Hackel for Debtor Althea Follins, Debtor Harold Follins Of [31-1] Plan Amended by Richard S. Hackel . (jrc) (Entered: 06/27/1996) |
| 06/26/1996 | 31 | Amended Chapter 13 Plan [7-1] Chapter 13 Plan . Filed by: Richard S. Hackel for Debtor Althea Follins, Debtor Harold Follins (jrc) (Entered: 06/27/1996) |
| 06/05/1996 | 30 | Notice for Change of Address for Fleet Mortgage Corp. New Address: Attention Bankruptcy Department Atlantic Mortgage & Investment Corporation 4348 Southpoint Boulevard Suite 101 Jacksonville, Florida 32216 (plc) (Entered: 06/07/1996) |



EXHIBIT 4

DANIEL P. MURPHY

ATTORNEY AT LAW
3 COURTHOUSE LANE, SUITE FOUR
CHELMSFORD, MASSACHUSETTS 01824
TELEPHONE (978) 459-9888
FACSIMILE (978) 934-9706
EMAIL dmurphy@dmurphylaw.com

ADMITTED IN MASSACHUSETTS
AND NEW HAMPSHIRE

January 18, 2004

**VIA FACSIMILE (617) 439-4434**
**AND FIRST CLASS MAIL**

Gordon N. Schultz, Esq.
Schultz & Company
One Washington Mall
Boston, MA 02108

Re: New Haven Savings Bank
v. Althea Follins, *et al.*
Case No. 03-12634 RCL

Dear Mr. Schultz:

Pursuant to my recent email, I am enclosing three powers of attorney, upon which Pacific Security, LLC intends to rely to support its contention that its claim is subject to the twenty-year statute of limitation period proscribed in Mass. Gen. L. ch. 260, § 1.

Under that statute, actions upon promissory notes signed in the presence of an attesting witness are subject to the twenty-year limitation period, if brought by the original payee, or his executor or administrator. In this case, our note is witnessed by two individuals, Diane M. Duarte and Leslie Sanders.

The question is whether Pacific Security may now assert a claim based on the note executed by the Follinses. An assignee or purchaser of a witnessed note may maintain an action to collect on that note in the name of the original payee, after the expiration of the six-year statute of limitations in Mass. Gen. L. .ch. 260, § 2. *Rockwood v. Brown,* 10 Cush. 92 (1852); *Hodges v. Holland,* 19 Pick. 43 (1837).

In the Power of Attorney enclosed, dated March 24, 1998, Computer Equipment Leasing Corporation, as successor-in-interest by merger to Aetna Finance Company, appointed Transamerica Financial Services as its attorney-in-fact, among other things, to sue on its behalf on any notes sold to Transamerica pursuant to an Asset Purchase Agreement and Bill of Sale dated March 31, 1995.

-l-t | err 5

%, tt+'~`3~.Y<<YrT (~ K\~~ ,~ V ;G 1~~ , ~y~~ , .~•ii. ,vj__~, `:. s '_—_ ..}......SyY ,.....

In the Power of Attorney dated October 1, 2002, Transamerica Home Loan appointed Pacific Security, LLC, as its attorney-in-fact to take a broad range of actions relating to any loans sold to it pursuant to a July 29, 2002 Purchase Agreement.

Finally, Transamerica Financial Services, in a Power of Attorney dated August 27, 2003, granted Transamerica Home Loan a power of attorney with the same authority for assets transferred by it to Transamerica Home Loan.

Assuming that the Follins loan is one of the loans sold in the purchase agreements referenced in the enclosed powers of attorney, Pacific Security would be able to sue in the name of Aetna Finance Company, d/b/a ITT Financial Services, as its successor-in-interest. Even were we unable to establish this, it would be my contention that Pacific Security would only need a power of attorney from the original payee to bring within the twenty-year statute of limitations.

I have made inquiry of my client regarding the purchase agreements referenced in the powers of attorney, and will provide you with any relevant documents as soon as I receive them. In the meantime, please do not hesitate to contact me should you have any questions or comments.

Very truly yours,

Daniel P. Murphy

Enclosure
cc: Pacific Security
Service List

SCHULTZ & COMPANY

COUNSELLORS AT LAW

One Washington Mall
Boston, Massachusetts 02108

Telephone: 617. 723. 9090
Facsimile: 617. 723. 9095

January 24, 2005

VIA FACSIMILE
(978) 934-9706

Daniel P. Murphy, Esq.
3 Courthouse Lane, Suite 4
Chelmsford, MA 01824

Re: New Haven Savings Bank v. Althea Follins, Harold Follins, et als.
Civil Action No. 03-12634-RCL

Dear Dan:

Receipt, with thanks, is acknowledged of your January 18, 2005 correspondence together with the three Powers of Attorney, all of which I have reviewed.

I appreciate your having already requested your client to obtain a copy of each of the purchase agreements that are specifically referenced in each power of attorney. Clearly, those powers could only be effective to the extent that the loan obligation of Mr. & Mrs. Follins was included in each purchase agreement pursuant to which each power was given.

I do, however have two questions in the interim. First, you mention that, even if you could not establish that the Follins' loan was included in the purchase agreements, Pacific Security "would only need a power of attorney from the original payee" to bring it within the 20 year statute. Are you suggesting that your client would now seek to obtain such a power of attorney from Computer & Equipment Leasing Corporation?

Second, what information do you have on the identity and/or present location of Leslie Saunders and Brian Pearson, each of whose names appear as the witnesses on the installment note?

I note that the Rule 16.1 Joint Statement filed with the Court and agreed upon by all counsel calls for any Rule 34 Request for Documents to be issued in time for a response no later than February 28th. That would make the deadline this Friday. I also note that, on June 25, 2004, Craig served you with a Rule 34 Document Request, another copy of which I have enclosed. The terms thereof encompass each the above three items.

SCHULTZ & COMPANY

COUNSELLORS AT LAW

When you respond to my two questions, I would also like to know whether your client thinks it likely that it will be able to secure copies of the purchase agreements. Once I have your responses — both documentary and otherwise — I will then be able to better assess where the Follins' stand in all of this and make a formal reply to your legal position.

Sincerely,

Gordon N. Schultz

GNS:lms

cc: Mr. & Mrs. Harold Follins

DANIEL P. MURPHY

ATTORNEY AT LAW
3 COURTHOUSE LANE, SUITE FOUR
CHELMSFORD, MASSACHUSETTS 01824
TELEPHONE (978) 459-9888
FACSIMILE (978) 934-9706
EMAIL dmurphy@dmurphylaw.com

ADMITTED IN MASSACHUSETTS
AND NEW HAMPSHIRE

February 9, 2005

**VIA FACSIMILE (617) 723-9095**
**AND FIRST CLASS MAIL**

Gordon N. Schultz, Esq.
Schultz & Company
One Washington Mall
Boston, MA 02108

Re: New Haven Savings Bank
v. Althea Follins, *et al.*
Case No. 03-12634 RCL

Dear Mr. Schultz:

Following our last correspondence, I contacted my client to address the issues raised in your letter of January 24, 2005, and in particular the issue of the purchase agreements mentioned in the powers of attorney previously provided to you.

With regard to the purchase agreements mention in the powers of attorney, my client will not produce these agreements. Apparently, there are contractual confidentiality provisions regarding the release of these documents, as well as other concerns, such as providing information which may violated the Fair Debt Collection Practices Act.

My client has, however, obtained a power of attorney directly from the original payee under the note, Computer & Equipment Leasing Corporation, as successor in interest by merger to Aetna Finance Company. A copy is enclosed for your review. I believe that this would make the purchase agreements irrelevant, as it empowers Pacific Security, LLC directly to sue on its behalf. Also, as Pacific Security is seeking to enforce claims on behalf of the original payee, it would be my position that we are within the twenty-year limitation period, and that we would be entitled to summary judgment on our claims.

Next, I do not have any present information on the witnesses on the Note.

EXHIBIT 7

Finally, regarding your previous Request for Production of Documents, I discussed this with Craig at the time of the scheduling conference. As of that conference, I had provided a copy of the entire loan file, with the exception of the powers of attorney produced subsequently. Craig agreed that a formal written response to the Request was not necessary. If you would like a written response, please let me know, and I will prepare one immediately. The only documents relating to the Follins loan which have not been produced are the purchase agreements, for the reasons stated above.

Please do not hesitate to contact me should you have any questions or wish to discuss this matter further.

Very truly yours,

Daniel P. Murphy

Enclosure
cc: Pacific Security
Service List



12689 WL UTITI 51115 19 zp' 453

Itaro14..b...1theA..Fvll.ino..a....NAXfol,k Omit C a IIIMOM OdamflWOw

e»," bled "bels.Nn-. Maws O t wawa a a» xw a fermis la e s l al 'sight am. thoua and. . sight, hundred

$ x.8..&7.4..,. £Q MIS y.11Ma. M1p.wa..n IMO 5nl.am .4 fat. *mama al 4u:2m, rP.Q U Q

Kayak.Manufacturi.ng.Corp
62 E. Montvale Ave. Stoneham Mass 0218 gowon.Nua1M-001bbI).

alldacNSlwl Kayak.klAnti +auxxng ,Cozp
321 liariem Ad, WesC Senaea, Nra York 14224 Wrlpp54

MI6 MWM1M..waean. be lona Masted at S fllfkll) Lana R~ndol~h M54sation n.
IM +w. MnIMAtly Moot* as Wows: I15541 Wd,sss) Itlty.1 55n)

'71S"3 CD

**Legal Description to be Attached** w7nsUwet r 1101

Id rlrlr

p..yr.wrrdw•.yaaa)

Ta. LIEQ 1W a.n~aalp., trr).1r away, a~inb arW. aK M~ r W a) an . plan .ntltl.I DAMM AM of llad yank MtUn. MOM" M.• Alas Ara 1 l. 1.11 ay la Oa1pU.. 1..:., ,+aswd ern.* lls/7by O' Reda as hlan 90) d rows a1d ▶ lra ems 215, said wee* amnion. aratoaurb toaat.l and b.er11.d r 1011aa<

damm 1VV !y aama s aamd, feet la'i ls*. .a 1aaw .n .14 plan, sr nw.d MN 141

NORTHEASTERLY by Lot 42, as shown on said plan, one hundred sixteen and 50/100 (116.50) feet;
EASTERLY by Lot 50, as shown on said plan, sixty-two and 88/100 (62.88) feet;
EASTERLY again by Lot 49, as shown on said plan, forty-one and 07/100 (41.07) feet; and
SOUTHWESTERLY by Lot 44, as shown on said plan, one hundred forty-two and 82/100 (142.82) feet.

Containing, according to said plan, 13,500 square feet.

Subject to a drainage easement, as shown on plan recorded with Norfolk County Registry of Deeds as Plan No. 105 of 1985 in Plan Book 275.

Subject to protective covenants recorded with Norfolk Registry of Deeds in Book 4097, Page 191, and to an amendment said covenants recorded in Book [illegible]

Subject to an order of Taking by the [illegible] for sewer purposes dated April 28, 1987 and recorded in Norfolk County Registry of Deeds in Book 2200, Page 120.

Subject to and with the benefit of all [illegible] restrictions, reservations and agreements of record, if any, insofar as the same are now in force and applicable.

Being the same premises conveyed to Grantors by Deed from Clayton to Garment and Louise Parsons, dated April 7, 1983 recorded with said Registry in Book 6194, Page 198.

EXHIBIT 8

454

o Ira Maws. N Lyon lbs mal C.adlNon, la any Waal N Man IM M/50ap)I.ll.1 luw IM.Nlner Nwr 11 vela. Mrleagr/ sMa sN N ass Ni (naas1Hla r Hwll la Nsy any nests Way may boo WIMI sub Nrs Much.Mmgl ta1N/ MN MUM NM MNy IMO IN IW atrppb cart aeNOn to pay N1W W veld.: slap laws slab 9101 speuul ap.csM rly*N in rIM IWN• -

V all My PUT M W. MOWN a a Nosrpa ls tI wSpav Is sold or NaglMNd by Ma4asr withal Mr a Mol 0541 155511, tlatll N fdrtypa a MOM. may MOWS wombats payr/M m Nll W HM r114o ammo NM ana On Mmi spa Md Nowa Waterman NM IMMMla Salt AOtam/M. Marlpaas. fl M1▶ ldam's optics, may waive Ws 01 a dears IM balsas l wdlatlty he and may scam I. lnllll9 M p smattoa 51x1, mat woad by IN pass to wham me Mumma Is battlers, or WWI the Mani m IM Plaint M Wotan* OM Mow MrM10r s aaeenar l lmaal N U1NM tag SNyrloa, Mo155.1 *III M r,Nai.e Nom mow oblation anal tW 1.815000 lad we No* 10p1amMM W it UMMamM Salt *matt TM Maass Was of ISMIN!a sml net yin MaNspn IM Holt 10 raOs1111.mMM/ paymat la h p:

IM I M ammo a11Nq r IINf elNms oalssl IM Wopab 0100* ora M1ala le hMa Na(Wyl;
IN . transla 01moms m satseboid mamas to A anon •be 010.10.8 Norlsa or wiSh ow roar 1011y tnas. applta0lt N MIN It Owed Mat wan apainit 910.811, giro;
NI a maim of IM la*O N arHl.Nq to-owsaf a, lolbwlop IM aiN of a Comma. Men wo Utnatr Is a.Nmatk acct MISS fol;
ON luslnp ow malty fa tom pars or lar, 11 lons as me lona dab at wolsa aa atlas tO b1x
NI a limiter to Mot10asa's tatttkl maws, non deity W III Mr10a90.:
III ■ malt awe a«t/a0a 1 toms at data Nome await of IM two/a'U;
of a uansir to Mortgagor $ 55000 muffins Dom a divorce bursa, alparaUv spearmint. or meow saran( pyraaMat;
III a transfa iete an Ila yna Nlml m 015th ma Malyagor ri and Nmelns 1 leaettclary, sa leap n IMfl Is ne nova al sluts M %TAMS/ le Ina rorty,

WITNESS so. nand: and sats Ms —.6....

WITNESS:

(Sall

[signature] ~s.!.: 16eM1

COMMONWEALTH Of MASSACHUSETTS. COUNTY Of M !!!▶

On Wit .................day01..J..nr!':'.............. ig..rt[,...• balm maanomaly appeared ................................................... '''~ ................
N m. Yawn IOM Ina arsons ascribed in and aM maul IN %mom. mamma, and iclnoaedg d Mal Way eaetusa We same as tMU Ira act and Sad

Witness my sldndtwe and Malarial Set N. day ane yet lust above WHIM .. Y`.'.s-!'~':`.1 ............

Wary Public

My Cemmkabn Expos: Dye · /> / 5 PS

Tom__..

lit: t)!"() JWIAU SUS OF AMWalEdt 455

• .YAyak..MaSl.0 aC.tuzi ng..Car.p ........ @aMasttst c.l1.d'Met pare). n.wK M a Monpp.O .4llsw
( NOM two of Sold)

.... Har.o14..&.Althea. gallira
(Full INS* aamEl) d M•naaO•t(•H

b........ JA.rt...,aaa........ Randolph .MaaaaahIAS.aca, ........
la addrds of Mott,aywla) — M.. Met :Hy. county, llan)

llwwntt.rta0/'N.AW«W7wMnp.O..Mood ........ andtaard.d wiw ........ tame one qd. 01 monde. olfkor)

uMwHo)u10 1 a$OovJNd dais 'noted down to Second Pe:der ........

rundin ........ e.... NeM York earpatdea
(state el Incerpontloa)

wrote. we Swam aM sot of Mortta.yo. tM... 27.th say.t ., July,........ t989....

Must

....Kayak.Manufacturing..Corp........
(Mortgagee)

By ........ (oddon1) IFM Ifaponuo~Y

IMortOogee a luA wwtH

........ 455 ........ By........ :........, 16.•O
(?idM) lFor FartlWl1pl

(Men*asaf (F.r San Pr.Otld.($Npl c

JuiltdilnUliltIMUMMIMMEBMIL

COMMONWEALTH OF MASSACHUSETTS. COUNTY of ........ :........c. SS:

........ Odom ata pu .0.$r award ........

........4.".t » ........

INNS taoslMlau Mfab PAatNEwia1/t

w tel Mown u l. We O.rson(sl aunke w aad r r oa*svtod IN 10 ea ttnowo to ►.a paw MIM putout,* of........
low IMtrVMnl. Ili aCNMIM4OM that b.yMI dM
wm1 NiwlMrnook 11N act aMdw/.

dHtnaM d aM nM txaerad IM fore MsMwoonL AMI KAMw
N .. MN Mkb* detain the daPs l. sair psnowdp'$ *m. 0M tar '
and ls ae Old MnPMMp'a bM. taMel sN wlwrtsty ad aM 1N.. MN
IMM dooms aM oaa.MMMIM Ihdela awffll

In duds *Sweat looW b.iea.a. aMMa a .7t ba3 aM 6%61 seal Ow aid year IMw1 o 0o owrttra

M ........

MIN M sad yr banns wNMR

woo, ie 40'..A.;44t

OldisewwA*kmsr LfNNFTfQKav ~rt err T r .pr...~....:.:.; -,

oa YPs 220.440 SR.JU y an :t1: awFn~ _52y7w1~a~itgg.. y pmh1... M'tTy
.y p.tssaady ltMwa vita ► rM +wF .erdnt Mwwslw► 4tfaixtS.d:L I111G fSfr1N iri;~o

........Jicaxali Mduu.tapt Eking-Cant........a ISYM st MorparllNo Ol Mm gwd MMMKl
(1101 h»lt',wow lan M ateapn -dodirt .

Owrparadea. sad Mal Ms awl alaasd M M lsrgsiq Mntnalarat is MM sarpsraw real of Hid swpaa$ul and HMl salt kmdnmw d was BOW aa/

tawM N WWI N sold arppaMa M $eOmet y M Mb (ward Ml Oldetws, and tai lctr.■A%....
aaMaM.aNlpal Bald Manama ls M Mf Ms ad ant Md sl sale eapwoaaa.

la wlawss.aussl l haw hwrwaw sMaM 0y ba Pawl a.MSdsi anal Ow day and pat teat aasw Hwa.

........

I. GUASTEFERRO

pawl MIA W afw ~. aeaty. al ., :•g

~. luldlrYll~~Ma ul•l aaamled.a 60"•v

EXHIBIT 9

**AFFIDAVIT OF LOST PROMISSORY NOTE**

STATE OF NEW YORK )
COUNTY OF ERIE ) : ss
CITY OF BUFFALO )

HAROLD P. BULAN, being duly sworn, deposes and says:

1. That he is the Trustee in Bankruptcy of SECOND FEDERAL FUNDING CORP., duly qualified and acting.

2. That Second Federal Funding Corp. was adjudicated a bankrupt on January 8, 1992.

3. That your deponent has been Trustee in this case for the past 12 years.

4. That at the onset of this case your deponent made a trip to the debtor's warehouse where literally tons of records were kept. It was impossible at that time to ferret out the necessary records and the tons available. As a result, after approximately one year, it was necessary to dispose of all the records of the debtor corporation due to the fact that the building in which they were located was being sold.

5. That attached hereto and made a part of this Affidavit is a copy of the Mortgage entered into between Harold and Althea Follins and Kayak Manufacturing Corp.

6. Kayak Manufacturing Corp. assigned said Mortgage to its subsidiary, Second Federal Funding Corp., the bankrupt in question.

7. The Mortgage in question calls for a total payment of $18,874.80 to Kayak Manufacturing Corp. or its assignee.

EXHIBIT 10

8. That the mortgagors have raised no issue of payment and the Trustee in Bankruptcy, your deponent, reflects no payment from them on his records in the bankruptcy estate.

9. That in light of the above and on information and belief, it is your deponent's intention that the entire amount of the mortgage - $18,874.80 plus interest is due and owing to the bankruptcy estate of Second Federal Funding Corp.

Witness my signature this the 5`h day of October, 2004.

**SECOND FEDE • L DING CORP.**

**BY:** ______________________

**HAROL`11'7 ULAN, as Trustee in Bankruptcy**

Sworn to before me this
5`h day of October, 2004

Christine A. Wickes
(Notary Public)

**CHRISTINE** A. **WICKES**
Notary Public, State of New York
Qualified in Erie County
**My Commission Expires December 8, 20 6y**