UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK ) | |
| ) | |
| Plaintiff ) | CASE NO. 03-12634-RCL |
| ) | |
| VS. ) | |
| ) | |
| ALTHEA FOLLINS, ET AL. ) | |
| Defendant ) | |

**AFFIDAVIT OF DEFENDANT, BAY STATE GAS**

I, Christine Engleson, of Bay State Gas Company hereby state based upon knowledge, information and belief that:

1. As a result of the multiple bankruptcy cases filed by Harold Follins, Mr. Follins ended up having four separate Bay State Gas accounts at his property of 5 Lori Lane, Randolph. This resulted because each time Mr. Follins filed bankruptcy, Bay State Gas was required to shut off the pre-petition debt and establish new account covering post-petition usage.

2. The first account, account no. 18217942233, was active from October 26, 1992 through March 2, 1994 and when referred to our attorneys for collection in the year 2000, it carried a balance of $1,589.15. At the same time, we referred this case to our attorney for collection, we also referred account no. 18217942234 which was active from March 2, 1994 through August 18, 1994 with a balance of $489.20. As a result, the total amount referred to our attorney for collection was $2,078.35. It is my understanding that our attorneys combined these two accounts into one small claims action in the amount of $2,000.00, and after the expenditure of $19.00 court costs, obtained judgment in the amount of $2,019.00 on November 29, 1997.

3. Subsequently, we referred an additional account to our attorneys for collection, account no. 18217942235, representing gas service from August 19, 1994 through June 26, 1995. The amount referred to our attorneys on this account was $400.15 and it is my understanding that our attorneys obtained judgment on that matter in the amount of $414.15 on February 7, 2003.

4. There is a fourth account for rental charges which was never forwarded to our attorneys for collection. This account was identified as account no. 898912003 with a balance of $547.00.

5.  On or about September 30, 2002, Mr. Follins paid to Bay State Gas the amount of $1,602.00. To the best of my knowledge, Mr. Follins did not specify to which accounts this payment was to be applied. Bay State Gas chooses to apply the payment in the following manner: $547.00 to pay in full account no. 898912003; $414.15 to pay in full account no. 18217942235; $489.20 to pay in full account no. 18217942234; and the remaining $151.65 to be applied against account no. 18217942233, leaving a remaining principal balance on this judgment account in the amount of $1,452.50.

6.  As judgment entered against Defendant on January 28, 1997 and as Massachusetts State Court judgments run interest at 12% per year, it is my understanding that through January 29, 2004, interest would have accrued on the principal judgment amount totalling $1,074.85, which when combined with the principal results in a balance due of $2,527.25.

7.  This still outstanding judgment was the basis for the execution dated December 21, 2001, which was levied against Mr. Follins' real estate on February 19, 2002 in book 16249, page 368 in the Norfolk County Registry of Deeds. (see plaintiff's complaint, para. 12(f)).

SIGNED UNDER THE PENALTIES OF PERJURY THIS 26th DAY OF MAY, 2005

Bay State Gas

Christine M. Engelson
NOTARY PUBLIC
My commission expires Sept 17, 2010