UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>Plaintiff,<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY, d/b/a ITT<br>FINANCIAL SERVICES, SECOND<br>FEDERAL FUNDING, UNITED STATES<br>OF AMERICA, and BAY STATE GAS,<br><br>Defendants. | Case No. 03-12634 |

### PACIFIC SECURITY, LLC'S OPPOSITION TO ALTHEA AND HAROLD FOLLINS' MOTION TO STRIKE PORTIONS OF AFFIDAVIT AND EXHIBITS OF CHRISTOPHER FOREMAN

The Defendant, Plaintiff-in-Crossclaim, Pacific Security, LLC, as successor-in-interest to and attorney-in-fact for Aetna Finance Company, d/b/a ITT Financial Services (hereinafter "Pacific Security"), respectfully submits its opposition to Althea and Harold Follinses' [sic] Motion to Strike Portions of Affidavit and Exhibits of Christopher Foreman.

As ground for its Opposition, Pacific Security states as follows:

1. The Defendants, Harold and Althea Follins (hereinafter, jointly, "the Follinses") request that the Court strike portions of the Affidavit of Christopher Foreman (hereinafter "the Foreman Affidavit") filed in support of Pacific Security's Motion for Summary Judgment, including the powers of attorney attached thereto as Exhibits "E" and "F."

2. The Follinses state as the basis for their motion that (1) Pacific Security obtained the power of attorney referenced in the Foreman Affidavit after the commencement of this action; and (2) Pacific Security has somehow failed to demonstrate that Computer & Equipment Leasing Corporation, the successor in interest by merger to ITT Financial Services (hereinafter "Computer & Equipment Leasing"), had an interest in the Follins' Note and Mortgage when it executed the power of attorney.

3. The Follinses' argument misses the point of Pacific Security's Motion for Summary Judgment. As discussed in its Memorandum in support of Pacific Security's Motion, the holder of a witnessed promissory note may maintain an action on that note for his own use in the name of the administrator of the payee, after the operation of the six-year statute of limitations, provided the action is brought with the consent of the administrator. *Sigourney v. Severy*, 4. Cush. 176, 178 (1849).

4. Further, an action brought in the name of and with the consent of the executors of the original payee is not barred by the six-year statute of limitation on contract actions. *Boutelle v. Carpenter*, 182 Mass. 417, 419 (1903), as is also the case with the purchaser of a witnessed promissory note, who may maintain an action thereon, in the name of the original payee, after expiration of the six-year limitation period. *Rockwood v. Brown*, 1 Gray 261, 263 (1854).

5. Whether or not Pacific Security has demonstrated ownership of the Note and Mortgage in question is immaterial. It is bringing this action on behalf of the

original payee, and the various powers of attorney relied upon merely demonstrate that Pacific Security has been authorized by the original payee to bring the action. It is likewise immaterial, under both Mass. Gen. L. ch. 260, § 1 and the case law interpreting it, whether or not Computer & Equipment Leasing had an interest in the Follins Note and Mortgage at the time it executed the powers of attorney.

6. The fact that the power of attorney directly from Computer & Equipment Leasing to Pacific Security (Foreman Aff., Exhibit "F") was obtained after the commencement of litigation is likewise immaterial. Existing powers of attorney had already established that Pacific Security was authorized to bring this action on behalf of the original payee of the Follinses' Note and Mortgage. (Foreman Aff., Exhibit "E")

7. The Follinses also argue that the Court should strike the powers of attorney attached to the Foreman Affidavit because they are not authenticated, and are therefore subject to being stricken as inadmissible hearsay. The Follinses incorrectly rely on *Mitchell v. Dooley Bros.*, 286 F.2d 40, 41-42 (1st. Cir. 1960), which involved signed correspondence as opposed to a notarized power of attorney.

8. Under Fed. R. Evid. 902(8), documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public are deemed self-authenticating. These notarized powers of attorney constitute acknowledged documents and fall squarely within the self-authentification provisions of Fed. R. Evid. 902(8). Likewise, these documents would be

subject to the hearsay exceptions set forth in Fed. R. Evid. 803(6), 803(14) and 807.

WHEREFORE, Pacific Security respectfully requests that the Court deny the Follinses' Motion to Strike Portions of Affidavit and Exhibits of Christopher Foreman.

Respectfully submitted,

AETNA FINANCE COMPANY, d/b/a
ITT FINANCIAL SERVICES, by its
successor in interest,
PACIFIC SECURITY, LLC,
By its attorney,

/s/ Daniel P. Murphy
Daniel P. Murphy (BBO#559440)
3 Courthouse Lane, Suite 4
Chelmsford, Massachusetts 01824
(978) 459-9888

Dated: May 27, 2005

CERTIFICATE OF SERVICE

I, Daniel P. Murphy, hereby certify that on May 27, 2005, I served a copy of the foregoing document on all counsel of record, by first class mail, postage prepaid, to:

Kevin J. McCaughey, Esq.
Ganick, O'Brien & Sarin
161 Granite Avenue
Dorchester, MA 02124

Michelle L. Zaff, Esq.
Kerstein, Coren, Lichhtenstein &
Finkel, LLC
60 Walnut Street
Wellesley, MA 02481

Gordon N. Schultz, Esq.
Schultz & Company
One Washington Mall
Boston, MA 02108

Glenn J. Melcher, Esq.
Tax Division
U. S. Department of Justice
P. O. Box 55
Ben Franklin Station
Washington, DC 20044

/s/ Daniel P. Murphy
Daniel P. Murphy

4