UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>　　Plaintiff,<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY, d/b/a ITT<br>FINANCIAL SERVICES, SECOND<br>FEDERAL FUNDING, UNITED STATES<br>OF AMERICA, and BAY STATE GAS,<br><br>　　Defendants. | Case No. 03-12634 |

### PACIFIC SECURITY, LLC'S OPPOSITION TO ALTHEA AND HAROLD FOLLINS' CROSS-MOTION FOR SUMMARY JUDGMENT

The Defendant, Plaintiff-in-Crossclaim, Pacific Security, LLC, as successor-in-interest to and attorney-in-fact for Aetna Finance Company, d/b/a ITT Financial Services (hereinafter "Pacific Security"), respectfully submits its opposition to Althea and Harold Follinses' Cross-Motion for Summary Judgment.

As ground for its Opposition, Pacific Security relies upon the documents filed with its Motion for Summary Judgment, as well as the Affidavit of Daniel P. Murphy filed herewith, and further states as follows:

A. **THE FOLLINSES' ASSERTION THAT THE CLAIM FOR AMOUNTS DUE UNDER THE FOLLINSES NOTE AND MORTGAGE HELD BY PACIFIC SECURITY WAS DISMISSED IS ERRONEOUS, AS THE FOLLINSES HAVE NEVER RECEIVED ANY DISCHARGE IN BANKRUPTCY.**

1. In their Memorandum of Law, the Follinses state to the Court that Pacific Security's claim is unenforceable, as a prior holder, TransAmerica Financial

        Services (hereinafter "TFS"), filed a proof of claim in the Follinses' 1995 bankruptcy case, to which the Follinses objected.

2. The Follinses further represent that the objection was sustained by the Bankruptcy Court, effectively extinguishing the claim for the amounts due under the Note. The Follinses also state that the serves as an explanation as to why no attempts were made to enforce the Note during this time.

3. As is set forth in the Affidavit of Daniel P. Murphy, the Follinses in fact filed a bankruptcy in 1995 which was dismissed on June 2, 1997, and a subsequent bankruptcy in 1999 which was dismissed on September 25, 2000.

4. Pacific Security argues that this serial filing of bankruptcy petitions provides a more likely explanation for the lack of attempts to enforce the claims under the Follinses Note and Mortgage.

B. **THE FOLLINSES NOTE CONSTITUTES A WITNESSED NOTE WITHIN THE MEANING OF MASS. GEN. L. Ch. 260, § 1.**

5. The Follinses next argue that the Note executed by the Follinses in favor of ITT Financial Services is not a promissory note signed in the presence of an attesting witness, as required to bring the Follinses' Note within the twenty-year limitation period of Mass. Gen. L. ch. 260, § 1.

6. In support of this flawed assertion, the Follinses rely on *Christopoulos v. Hemenway,* 3 Mass. App. Div. 32 (1951), an Appellate Division case which has no precedential authority.

7. In *Christopoulos,* the court held that a promissory note witnessed by the original payee, an individual, was not a note signed in the presence of an attesting witness under Mass. Gen. L. ch. 260, § 1.

8. The Follinses then assert that the two employees of ITT Financial Services who witnessed the Follinses' Note were effectively the original payees of the Note, and were disqualified from witnessing the Note for purposes of the statute of limitations.

9. This argument is unsupported by any case law or statute, and makes little sense. In *Christopoulos,* the original payee was an individual, rather than a corporation, as is the case here. The two situations are entirely distinguishable, and the Follinses' argument lacks any factual or legal basis and must fail.

WHEREFORE, Pacific Security respectfully requests that the Court deny the Follinses' Cross-Motion for Summary Judgment.

    Respectfully submitted,

    AETNA FINANCE COMPANY, d/b/a
    ITT FINANCIAL SERVICES, by its
    successor in interest,
    PACIFIC SECURITY, LLC,
    By its attorney,

    */s/ Daniel P. Murphy*
    Daniel P. Murphy (BBO# 559440)
    3 Courthouse Lane, Suite 4
    Chelmsford, Massachusetts 01824
    (978) 459-9888

Dated: May 27, 2005

3

## CERTIFICATE OF SERVICE

I, Daniel P. Murphy, hereby certify that on May 27, 2005, I served a copy of the foregoing document on all counsel of record, by first class mail, postage prepaid, to:

Kevin J. McCaughey, Esq.
Ganick, O'Brien & Sarin
161 Granite Avenue
Dorchester, MA  02124

Michelle L. Zaff, Esq.
Kerstein, Coren, Lichhtenstein &
Finkel, LLC
60 Walnut Street
Wellesley, MA  02481

Gordon N. Schultz, Esq.
Schultz & Company
One Washington Mall
Boston, MA  02108

Glenn J. Melcher, Esq.
Tax Division
U. S. Department of Justice
P. O. Box 55
Ben Franklin Station
Washington, DC  20044

_____
Daniel P. Murphy