UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>　　　　Plaintiff<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY D/B/A<br>ITT FINANCIAL SERVICES,<br>SECOND FEDERAL FUNDING,<br>UNITES STATES OF AMERICA, AND<br>BAY STATE GAS,<br><br>　　　　Defendants | Case No. 03-12634 - RCL |

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF THE DEFENDANTS, HAROLD AND ALTHEA FOLLINS, TO THE DEFENDANT, PACIFIC SECURITY, LLC, AS SUCCESSOR IN INTEREST TO AETNA FINANCE COMPANY d/b/a ITT FINANCIAL SERVICES

Pursuant to Fed.R.Civ.P. 34, and in accordance with the Conditions of Production set forth in Section I hereinbelow, the Defendants, Althea Follins and Harold Follins (hereinafter collectively the FOLLINSES), hereby requests that the Defendant, Pacific Security, LLC, as successor in interest to Aetna Finance Company, d/b/a ITT Financial Services (hereinafter PACIFIC SECURITY), produce and make available for inspection and copying the DOCUMENTS as defined and described in Sections II and III hereinbelow.

SECTION I

CONDITIONS OF PRODUCTION

Place, Time and Date: The DOCUMENTS are to be produced at the offices of Schultz & Company, One Washington Mall, Boston, MA 02108 at 10:00 a.m. on

EXHIBIT 1

      that date which is determined by application of the time periods permitted under Fed.R.Civ.P. 34.

B.   <u>Source and Identification:</u>  The source of each DOCUMENT is to be identified by using either a statement on a label affixed to each DOCUMENT or by any other legible method, showing the name and address of the office, person, or entity from whose file or possession the DOCUMENT was obtained. In this regard, the party being requested to make production hereunder (hereinafter the PARTY) is ON NOTICE that the mandate of Fed.R.Civ.P. 34 encompasses not only (a) DOCUMENTS in the PARTY'S possession, custody or control but also (b) DOCUMENTS in the possession, custody or control of any officers (if the PARTY is a corporation), employees, agents or servants of the PARTY, including but not limited to any attorneys who previously represented or counseled the PARTY or who may currently represent the PARTY.

C.   <u>Organization:</u>  The DOCUMENTS shall be organized and categorized in accordance with the requirements of Fed.R.Civ.P. 34.

D.   <u>Scope of Production:</u>  Unless otherwise indicated, the DOCUMENTS shall include those which are existing on and after January, 1987 through, and including, the date upon which a Response to this Request for Production is due under Fed.R.Civ.P. 34.

E.   <u>Privilege:</u>  If any Request herein is objected to on the ground of privilege, including but not limited to (a) attorney-client privilege or (b) attorney work-product or (c) materials prepared in anticipation of litigation or trial, you are nevertheless required to provide sufficient information in your Responses:

  (1) to permit the alleged privileged DOCUMENT(S) to be identified by describing and/or providing (a) the type of document claimed to be privileged, (b) the date of that document(s), and (c) the author(s), addressee(s) and recipient(s) of that document(s); and

  (2) to explain the basis for the claim of privilege in order that a court can determine its propriety; and

  (3) maintain the DOCUMENT(S) claimed to be privileged in a separate file.

F. <u>Originals and Copies:</u>  Each DOCUMENT(S) requested for production hereunder shall be produced for inspection and copying in its original form. The production of photocopies of the DOCUMENT(S) shall not be an acceptable method of production unless the proponent of the within Request for Production has so advised the PARTY required to make production hereunder in writing. Notwithstanding the existence of any grant of written permission to so accept photocopies of DOCUMENT(S), the right to require that the PARTY produce the originals of the DOCUMENTS on demand and without the necessity for judicial intervention is expressly reserved.

G. <u>Previously Existing Documents:</u> If you are unable to locate and produce a DOCUMENT(S) which previously existed, you are to identify the DOCUMENT(S) by describing its date, subject matter, author and recipient and the last date that you can recall seeing the DOCUMENT(S) and the location where it/they was/were seen.

SECTION II

GENERAL DEFINITIONS

1. "DOCUMENT(S), as used herein, is to be interpreted in its broadest sense. The term shall mean and/or include all written, reported, recorded or graphic matter, however produced or reproduced, including, without limitation, the following: the original and all copies (including all non-identical copies, whether different from the originals by

reason of any notation made on such copies or otherwise) of books, manuals, records, written instruments, contracts, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), notations of any manner of conversations (including telephone calls, meetings or other communications), minutes of meetings, diaries, calendars, appointment books, notebooks, notices, reports, statements, cancelled checks, invoices, receipts, summaries, correspondence, letters, computer printouts, notes, instruments reflecting interoffice and intraoffice communications, drawings, designs, manuals, financial reports, telegrams, messages, envelopes, studies, analyses, articles, books, magazines, newspapers, booklets, circulars, bulletins, instructions, stenographic or hand-written notes, accounts, pamphlets, pictures, films, voice recordings, maps, work papers, arithmetical computations, purchase orders, questionaires, surveys, charts, graphs, and all drafts, alterations, modifications, changes and amendments of any kind to the foregoing, upon which notations and writings have been made but which do not appear on the originals.

The term DOCUMENT(S) also includes all written material or writings which may be resident on all forms of computer media and which may therefore be produced and printed from all forms of computer media, including, but limited to, (i) hard drives and (ii) floppy disks.

2. "Relating to," as used herein, means constituting, evidencing, reflecting, substantiating, describing, summarizing, identifying, or referring to, in any way, in whole or in part, directly or indirectly.

3. "Each/Every," as used herein, shall be reciprocal. The term "each" includes the term "every" and the term "every" includes the term "each."

4. "Any/All," as used herein, shall be reciprocal. The term "any" includes the term "all" and "all" includes the term "any."

5. "Communications," as used herein, means and includes all discussions, either in person or by telephone, facsimile or electronic mail, conversations, meetings, conferences, contacts, inquiries, interviews, negotiations, advertisements, cards, letters, memoranda, correspondence or any other form of written or oral intercourse, however, transmitted.

## SPECIFIC DEFINITIONS

1. "SURPLUS PROCEEDS," as used herein, shall refer to the surplus proceeds which are the subject of the within action and presently held by the Plaintiff, New Haven Savings Bank.

## SECTION III

## DOCUMENTS REQUESTED

The FOLLINSES hereby request that PACIFIC SECURITY produce the following DOCUMENT(S) for inspection and copying in accordance with the Instructions hereinabove set forth:

All DOCUMENT(S) which evidence, relate to, or otherwise discuss the following:

1. All contracts and/or agreements, and related documents, whether signed or unsigned, between the FOLLINSES and PACIFIC SECURITY relative to the debt which serves as the basis for PACIFIC SECURITY'S claim to the SURPLUS PROCEEDS.

2. All charges billed by PACIFIC SECURITY to the FOLLINSES with respect to the debt which serves as the basis for PACIFIC SECURITY'S claim to the SURPLUS PROCEEDS.

3. All payments received by PACIFIC SECURITY for or on account of the debt which serves as the basis for PACIFIC SECURITY'S claim to the SURPLUS PROCEEDS, including, but not limited to, all books, ledgers, and other financial records evidencing such payments.

4. All DOCUMENTS which support PACIFIC SECURITY'S claim to the SURPLUS PROCEEDS.

5. All DOCUMENTS which establish the dollar value of PACIFIC SECURITY'S claim to the SURPLUS PROCEEDS.

6. All COMMUNICATIONS, as that term is defined herein, (i) from PACIFIC SECURITY to the FOLLINSES and/or (ii) from the FOLLINSES to PACIFIC SECURITY relative to the debt which serves as the basis for PACIFIC SECURITY'S claim to the SURPLUS PROCEEDS.

        Respectfully submitted
        Harold Follins and Althea Follins.
        B their attorneys

        Craig T. Gerome, Esq.
        Schultz & Company
        One Washington Mall
        Boston, MA 02108
June 25, 2004        (617) 723-9090

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALTHEA FOLLINS, HAROLD FOLLINS, )<br>AETNA FINANCE COMPANY, d/b/a ITT )<br>FINANCIAL SERVICES, SECOND )<br>FEDERAL FUNDING, UNITED STATES )<br>OF AMERICA, and BAY STATE GAS, )<br>)<br>Defendants. ) | Case No. 03-12634 RCL |

## PACIFIC SECURITY, LLC'S REQUIRED DISCLOSURES

The Defendant, Pacific Security, LLC, as successor-in-interest to Aetna Finance Company, d/b/a ITT Financial Services ("Pacific Security"), hereby makes the following required disclosures pursuant to Fed. R. Civ. P. 26(a)(1):

A.  The following individuals have discoverable information regarding Pacific Security's claims and defenses:

> John Harder
> Pacific Security, LLC
> 211 W. Wacker Drive, Suite 710
> Chicago, IL 60606

> Chris Foreman
> Pacific Security, LLC
> 211 W. Wacker Drive, Suite 710
> Chicago, IL 60606

These individuals have information regarding the documents contained in the loan file of Harold and Althea Follins, the chain of title of Pacific Security as holder of the

    note and security agreement given by Harold and Althea Follins, the payment history for said loan, and the amount of principal, interest, and other recoverable charges presently owed by Harold and Althea Follins and the method of calculation thereof.

B.    A copy of all documents, data compilations, and tangible things in Pacific Security's possession, custody, or control, not privileged or protected from disclosure, which Pacific Security may use to support its claims or defenses is enclosed herewith.

C.    Computation of damages:

As of May 27, 2004, the outstanding amount due on this loan was $122,924.34, as follows:

| | |
|---|---|
| Principal: | $ 41,948.16 |
| Interest: | $ 80,976.18 |

This amount does not include per diem interest from May 27, 2004 at $19.34, or attorneys fees and costs.

D.    There are no insurance agreements as referenced in Fed. R. Civ. P. 26(a)(1)(D).

                        Respectfully submitted,

                        PACIFIC SECURITY, LLC, as
                        Successor in Interest to Aetna Finance
                        Company, d/b/a ITT Financial Services,
                        By its attorney,

                        Daniel P. Murphy (BBO# 5594 0)
                        3 Courthouse Lane, Suite 4
                        Chelmsford, Massachusetts 01824
Dated: August 4, 2004 .          (978) 459-9888

## POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS: That the undersigned, TRANSAMERICA HOME LOAN, a California coippration (hereaflenrefentd to together as "Principal"), does hereby constitute and appoint PACIFIC SECURITY, LLC, a Delaware limited liability company and PACIFIC SECURITY., LLC, a Delaware limited liability company, acting individually or jointly (hereinatleroollectively referred to as "Agent"), including any officer or employee of Agent, the true and lawful attorney-in-fact of Principal, with full power by an instrument in writing to appoint substitute or substitutes and to revoke any such appointment, for or in the name and stead opal, but foi the benefit and on behalf of Agent (a) to demand, reduce to possession, sue upon; collect, se0eivi; receipt for, convey, -transfer, or endorse or assign without recourse, any and al4oans iuid retail installment contracts sold to Agent by that certain Purchase Agreement dated as-of July 29, 2002 by and between Principal and Transamerica Home Loan Trust, as sell e~s, aadAgen~; a pchasers (hereafter referred to as "Loans") and any and all notes, plel es r, . of ital liGi and juulgrnemf s or. decrees, whet ever located or of record, collateral :t vi' ty or_____g out of the Loans and any security therefor, and all otluc property and erty fights of evetj nd and nature, in ,connection with the sale, transfer an assig'pm of cert1di assets f Principal to Agent (such assets. and Loans hereafter are sometimes referre4 to collectively as the "Assets"); (b) to cancel, release, satisfy, or discharge any and all of such Asset4md security therefor and any and all of such judgments or decrees, in whole or part; (c) to endorse any nbtes, checks, drafts, money orders, or other negotiable instruments given in payment of any said Loans; (d) to initiate foreclosure or repossession proceedings or continue any pending fareclosure, or repossession. • proceedings in connection with the collection of any and all Assets; (e) to communicate with an of Principal's predecessors in interest and to receive from such predecessors in interest any and all documents, instruments or othemritings necessary to exercise the power's granted hereby, and (f) in connection with the exercise of any of the foregoing powers, to perform all acts, including, but not limited to, the execution, acknowledgement, recording, and delivery of acquaintances, releases; satisfactions, deeds and other instruments in writing which may be necessary or desirable in order to carry the foregoing powers into effect, Principal hereby ratifying and conflnnzing all acts and things done by Agent or the substitute or substitutes of it, in pursuance of the mrthomty herein granted.

IN WITNESS WHEREOF; Principal has caused this instrument to be executed and its corporate seal to be hereunto Wood and attested by its proper officers thereunto duly authorized on this 1" day of October, 20*

PRINCIPAL:

TRANSAME IICA HOME LOAN, a 41ifornia corporation -

By: _____*1Jti*_____ -&.
Its:       :.e.  1 1-++--. "

148246.1 044313-21859                EXHIBIT 3

STATE OF _Illinois_

_Cook_ )

I, the undersigned, a Notary public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that _____ as the _____ of TRANSAMERICA HOME LOAN, a California corporation, who is personally known to me to be the same person(s) whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he/she signed, sealed and delivered the said instrument as his/her free and voluntary act and as the act of the corporation for the uses and purposes therein set forth.

Given under my hand and official seal this _1_ day of October, 2002.

_Carol L. Martini_
Notary Public

[SEAL]

```
OFFICIAL SEAL
CAROL L. MARTINI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-6-2005
```

x..

148246.1 044313-21859