UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
**NEW HAVEN SAVINGS BANK,**                 )
                                            )
    **Plaintiff,**                      )
                                            )
**v.**                                      )
                                            )  **Case No. 03-12634**
**ALTHEA FOLLINS, HAROLD FOLLINS,**         )
**AETNA FINANCE COMPANY, d/b/a ITT**        )
**FINANCIAL SERVICES, SECOND**              )
**FEDERAL FUNDING, UNITED STATES**          )
**OF AMERICA, and BAY STATE GAS,**          )
                                            )
    **Defendants.**                     )
_____)

**PACIFIC SECURITY, LLC'S OPPOSITION TO
ALTHEA AND HAROLD FOLLINS' MOTION TO STRIKE
SUPPLEMENTAL AFFIDAVIT OF CHRISTOPHER FOREMAN**

    The Defendant, Plaintiff-in-Crossclaim, Pacific Security, LLC, as successor-in-interest to and attorney-in-fact for Aetna Finance Company, d/b/a ITT Financial Services (hereinafter "Pacific Security"), respectfully submits its opposition to Althea and Harold Follinses' Motion to Strike Supplemental Affidavit of Christopher Foreman (the "Supplemental Affidavit").

    As ground for its Opposition, Pacific Security states as follows:

    **1.    The Supplemental Affidavit Was Timely Filed in Response to the Follinses' Cross-Motion for Summary Judgment.**

    The Follinses first state as grounds for their Motion that the Supplemental Affidavit was not timely filed, having been filed electronically on June 1, 2005, after the fourteen-day period for the filing of oppositions to the Follinses' Cross-Motion for Summary Judgment. This statement is erroneous, as Pacific Security filed the

Supplemental Affidavit by hand at the Office of the Clerk at approximately 4:00 p.m. on May 31, 2005, within the time period established by Local Rule 7.1.

**2.     It Is Within the Sound Discretion of the Trial Court to Consider Supplemental Affidavits and Materials in Deciding a Motion for Summary Judgment.**

The Follinses next claim that the Court should strike the Supplemental Affidavit on the grounds that Pacific Security did not seek leave of the Court to file it. This argument, however, is without support in the present case.

Pacific Security argues that there are no specific court rules governing the filing of supplemental affidavits, and certainly none to control when leave of the Court must be obtained. Rather, it appears that such affidavits may be allowed and considered by the Court under its discretionary authority. *See, e.g., McMahon v. Digital Equipment Corp.,* 162 F.3d 28, fn. 6 (1st Cir., 1998)(Court's refusal to strike documents clearly authenticated by supplemental affidavit held not abuse of discretion.)

It appears that a key consideration in considering such supplemental materials is the timing of the service and filing of such materials. In *Cia. Petrolera Caribe, Inc. v. ARCO Caribe, Inc.,* 754 F.2d 404, 409 (1st Cir., 1985), the Court properly excluded affidavits and attachments filed on the day of the hearing, stating that, "'[t]here is a substantial difference between accepting matters at the hearing which show that an issue of fact exists, and taking evidence in support of the motion at the last minute where there is no opportunity to be heard.'" *Id.,* quoting *Chan Wing Cheung v. Hamilton,* 298 F. 2d 459, 460 (1st Cir. 1962).[1]

---

[1] Compare this case, where Pacific Security filed a supplemental affidavit in timely response to a cross-motion for summary judgment, and the case of *Dudo v. Schaffer*, 91 F.R.D. 128 (E.D. PA 1981), which the Follinses call "strikingly similar." The clear distinction between the two is that in *Dudo* the plaintiff's

As set forth below, Pacific Security was only able to identify the need to file the Supplemental Affidavit *after* the Follinses filed their Cross-Motion for Summary Judgment and supporting documentation, as the Follinses raised new theories and defenses therein for the first time. Pacific Security argues that the Follinses are not prejudiced by this Supplemental Affidavit, except to the extent that are no genuine issues of fact, as they are permitted to file an opposing affidavit up until the day before the hearing pursuant to Fed. R. Civ. P. 6(d).

**3.    The Principle of Judicial Estoppel Is Inapplicable in this Matter, and Cannot Serve as Grounds for the Follinses' Motion.**

The Follinses state that Pacific Security should be barred from filing the Supplemental Affidavit under principles of "judicial estoppel." Reliance on this principle, however, is misplaced. Judicial estoppel is an equitable principle recognized in Massachusetts, which precludes a party from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another. *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 211 – 212 (1987). There, the Court held that, "It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Id.,* citing *Davis v. Wakelee,* 156 U.S. 690 (1895).

Here, there has been no prior or subsequent proceeding, nor has Pacific Security assumed a contrary position. Thus, this doctrine cannot apply to bar the Supplemental Affidavit.

---

affidavit was not filed until *after* the actual motion was heard, compared to the present case, where it was filed over one month before the scheduled hearing.

4. **Where the Follinses Failed to Identify or Plead a Key Defense to Pacific Security's Claim, Principles of Equity and Fairness Require that the Motion be Denied.**

Pacific Security submits that the Motion must be denied on the grounds that, until the filing of the Follinses' Cross-Motion for Summary Judgment, the Follinses had never adequately communicated their position, i.e. that they challenged Pacific Security's ability to enforce the Follins Note based upon proof of ownership thereof. Thus, Pacific Security, based on basic principles of fairness and equity, was entitled to respond to this newly-formulated position. The Follinses cannot, by means of non-disclosure of their theory of the case, be allowed to obtain an unfair and prejudicial advantage.

A review of the pleadings and papers in this case supports Pacific Security's position.

In the Answer filed by the Follinses to Pacific Security's Cross-Claim, the Follinses assert *only* two affirmative defenses; the Statute of Limitations and the doctrine of *res judicata*. In the Joint Statement Pursuant to Local Rule 16.1(d) filed by the parties, the Follinses summary of their posture in this litigation again *only* asserted that the claims which Pacific Security sought to enforce were barred by the Bankruptcy Code Statute of Limitations, 11 U.S.C. §108(c).[2]

Further, the Follinses served Pacific Security with a Request for Production of Documents on June 24, 2004 (a copy of which is attached as Exhibit 1 to the Follinses' present motion). A review of this request supports the contention that the Follinses were not attempting to contest Pacific Security's status as holder of the Follins Note and Mortgage.

---

[2] As set forth in the Affidavit of Daniel P. Murphy submitted in Opposition to the Follinses' Cross-Motion for summary judgment, although the Follinses are serial bankruptcy filers, they have never received a discharge in bankruptcy, and thus *res judicata* does not apply.

In spite of the fact that this Requests were improper at that time, Pacific Security produced the *entire* loan file for the Follins loan to all parties on August 4, 2004. Included in those materials were two assignments of the Follins Loan and various powers of attorney.

Then, as the Follinses state, a series of communications occurred between counsel in early 2005 (copies of which are attached to the Shultz Affidavit as Exhibits 5 – 7), relating not principally to the Asset Purchase Agreement for the Follins Loan, but rather to Pacific Security's theory of the case and its support for the fact that the Follins Note was subject to the twenty-year statute of limitations set forth in Mass. Gen. L. ch. 260, §1. Only a minor paragraph of the letter by Follinses' counsel of January 24, 2005 deals with the subject, stating that the powers of attorney could only be effective to the extent that Pacific Security.

In Pacific Security's counsel's response letter of February 9, 2005, Pacific Security provided a direct power of attorney (merely to supplement existing powers of attorney) giving it authority to sue on the Follins Note. Counsel for Pacific Security clearly states a belief that the purchase agreements are made irrelevant by the power of attorney, which was never subsequently disputed by the Follinses.

In the February 9, 2005 letter, Pacific Security further states the grounds for its position; that confidentiality and statutory considerations barred the production. It is telling that, rather than attempt to clarify its position, argue the point, or, as a last resort, seek an order compelling discovery under Fed. R. Civ. P. 37, the Follinses chose to remain silent.

Thus, Pacific Security's burden of proof in this matter is merely to show that it is more likely than not the holder of the Note and Mortgage, which is accomplished by means of the Assignments and powers of attorney produced to all counsel (See Exhibits C – F to the Affidavit of Christopher Foreman in Support of Summary Judgment). Those assignments and powers of attorney, which are notarized documents, clearly establish the chain of title of Follins Note and Mortgage into Pacific Security. That being done, Pacific Security must only show that it is bringing the present action in the name of and with the consent of the original payee, *Rockwood v. Brown*, 1 Gray 261, 263 (1854), which it has done with numerous powers of attorney.

WHEREFORE, Pacific Security respectfully requests that the Court deny the Follinses' Motion to Strike Supplemental Affidavit of Christopher Foreman in Support of Motion for Summary Judgment, and further requests that the Court allow and consider the Supplemental Affidavit both in support of Pacific Security's Motion for Summary Judgment and in opposition to the Follinses' Cross-Motion for Summary Judgment.

                                            Respectfully submitted,

                                            AETNA FINANCE COMPANY, d/b/a
                                            ITT FINANCIAL SERVICES, by its
                                            successor in interest,
                                            PACIFIC SECURITY, LLC,
                                            By its attorney,

                                            /s/ Daniel P. Murphy
                                            Daniel P. Murphy (BBO# 559440)
                                            3 Courthouse Lane, Suite 4
                                            Chelmsford, Massachusetts  01824
                                            (978) 459-9888

Dated:  June 21, 2005