# SCHULTZ & COMPANY

COUNSELLORS AT LAW

One Washington Mall
Boston, Massachusetts 02108

Telephone: 617. 723. 9090
Facsimile: 617. 723. 9095

July 12, 2005

The Honorable Robert B. Collings
United States Magistrate Judge
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210

Re:    Pacific Security v. Follins, et al.
        Civil Action No. 03-12634

Dear Judge Collings:

After the comments of Attorney Melcher at the conclusion of oral argument yesterday, I was concerned that there might be some confusion over the implications of §349(b) of the Bankruptcy Code as it relates to the Follinses' res judicata claim.  As such — and because the Court has been liberal with the parties in allowing them to address the legal issues in this matter — I offer the Court — and respectfully request its consideration of — this brief clarification of the effect of §349(b)(2) and (3) on this summary judgment record.'

There is no dispute that, on February 26, 1996, the Bankruptcy Court entered an order that sustained the Follinses' "objection" to Transamerica's Proof of Claim on the promissory note.  While the Follinses' agree that the basis upon which the Court did so is not known, there is enough evidence on this record to conclude what was not the bases of the court's order — and that shows that §349(b)(2) is not applicable to vacate the order.

Under §349(b)(2), the dismissal of the Follinses' Chapter 13 proceeding could only "vacate any order . . . under section 522(i)(1), 542, 550 and 553." An examination of (i) those Code sections, (ii) the nature of the Proof of Claim itself, and (iii) the docket entries in the bankruptcy (all of which are before the court), show that none of those Code sections could possibly have been the subject of the "objection." §522 (i) (1) relates to "exempt property" of the debtor; §542 relates to turnover petitions; §550 to liabilities of a transferee of an avoided transfer; and §553 to "setoff" rights. Those issues would require separate motions or an adversary complaint — none of which were disclosed on the Docket — and would not have arisen under a simple Proof of Claim.

---

Subsection (b)(1) is inapposite to the case at bar as it addresses the "reinstatement" of "avoided" transfers or liens, or a "proceeding or custodianship superceded under section 543," none of which occurred as shown by the docket entries of the bankruptcy case.

<u>SCHULTZ</u> <u>&</u> <u>COMPANY</u>

COUNSELLORS AT LAW

The Hon. Robert B Collings
July 12, 2005
Page Two

Similarly, although subsection (b)(3) provides that dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case," that circumstance does not aid Pacific Security. The reason was succinctly set forth in <u>Matter of Mulberry Chesterton Inn,</u> 142 B.R. 566 (SD Ga. 1992) — a decision whose holding was cited with approval by Judge Woodlock in <u>In re Space Building Corporation,</u> 206 B.R. 269 (D. Mass. 1996). In <u>Mulberry,</u> the Court stated:

> NationsBank in essence argues that the revesting of property of the estate under subsection (3) should be free of any restructuring of liens which occurred during the case and free of any post-petition judgments. I find that argument unpersuasive based upon my reading of the cases . . . and on the plain language of the statute which simply provides that property will be revested in the entity in which it was vested prior to commencement <u>without any express suggestion that</u> liens created during bankruptcy or <u>priorities of liens adjudicated during bankruptcy would in any way be disturbed.</u>

> [I] agree with the general conclusion in *Collier* that "courts have refused to extend the reinstatement effect of Section 349(b) beyond its expressly enumerated provisions...............Moreover, despite general language in legislative history and some cases regarding the intent of subsection (c) which "revests" property of the estate, I have been cited <u>no controlling authority which holds that such revesting retroactively annuls . . . final rulings that have been rendered.</u>

> <u>[emphasis added]</u>

Given the foregoing, the unappealed order of the bankruptcy court that sustained the Follinses' objection to Transamerica's Proof of Claim was not within any operative Code provision enumerated in §349(b) such that the order was vacated upon the dismissal of the bankruptcy. Similarly, under bankruptcy principles currently followed in this District, any "revesting" had no such effect. As such, the February 26, 1996 bankruptcy order is <u>res judicata</u> of Pacific Security's claim and requires that its claim be dismissed.

Very truly yours,

/s/ Gordon N. Schultz

GNS:lms
cc: Daniel Murphy, Esq.
    Glen Melcher, Esq.
    Kevin J. McCaughey, Esq.