# United States District Court
# District of Massachusetts

NEW HAVEN SAVINGS BANK,
    Plaintiff,

    v.                            CIVIL ACTION NO. 2003-12634-RBC[1]

ALTHEA FOLLINS,
HAROLD FOLLINS,
AETNA FINANCE COMPANY d/b/a
    ITT FINANCIAL SERVICES,
SECOND FEDERAL FUNDING,
UNITED STATES OF
    AMERICA, and
BAY STATE GAS,
    Defendants.

## AMENDED PROCEDURAL ORDER

COLLINGS, U.S.M.J.

In their summary judgment papers Althea and Harold Follins raise an argument with respect to the impact or effect of their 1995 bankruptcy proceedings on the present interpleader action. Specifically, the Follinses

---

[1] With the parties' consent on October 13, 2004, this case was referred and reassigned to the undersigned for all proceedings including trial and the entry of judgment to 28 U.S.C. §636(c).

contend that Transamerica Financial Services ("TFS") filed a proof claim in the amount of $41,948.16, the amount then allegedly outstanding on the AETNA/ITT Note, to which they filed an objection which was sustained by the Bankruptcy Court. Because TFS did not appeal the Bankruptcy Court's ruling, the Follinses assert that the claim on the Note was extinguished. It follows, in the Follinses' view, that absent "any valid claim to the NOTE balance for any holder of the NOTE to enforce" (#47 ¶18), Pacific Security's claim must be dismissed. In other words, the Follinses argue that the Bankruptcy Court's action in sustaining the Follinses' objection to TFS's claim should be given *res judicata* effect in the present case.

Pacific Security, on the other hand, argues that because the bankruptcy case was dismissed and the Follinses never received any discharge in bankruptcy, their position that the claim on the Note must be dismissed is erroneous.

Although the docket of the bankruptcy case has been submitted amongst the summary judgment papers, none of the pertinent bankruptcy court filings have been proffered by the parties. Given these circumstances, this Court *sua*

*sponte* has obtained those documents from the bankruptcy court file.[2]

The Court shall take judicial notice of the bankruptcy court filings in ruling on the cross-motions for summary judgment. *See Bucci v. Essex Insurance Company*, 393 F.3d 285, 296 fn. 5 (1 Cir., 2005)("The complaint in Bucci's civil suit against The Industry, though not admitted into evidence for the truth of the matter asserted therein, was nonetheless admissible as a party admission and susceptible to judicial notice. *See Rodi v. S. New Engl. Sch. of Law*, 389 F.3d 5, 19 (1st Cir.2004) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.") (*quoting Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir.1990)).... *See Gonzalez v. Walgreens Co.*, 918 F.2d 303, 305 (1st Cir.1990) ("[A] pleading in one case is not a conclusive judicial admission in a later one, [but] it is treated as an ordinary admission which can be contradicted by other evidence.") (*quoting United States v. Raphelson*, 802 F.2d 588, 592 (1st Cir.1986)) (alterations in *Gonzalez*).)

A review of the bankruptcy court documents reveals that in December of

---

[2] A telephone call was made to Judge Kenner's clerk who, in turn, requested that the closed bankruptcy file be retrieved from storage. When the file arrived at the Bankruptcy Court, copies of the relevant documents were made and forwarded to this Court.

1995 the Follinses were "of the understanding that Transamerica Financial Services is the holder by assignment of note dated September 22, 1987 from the debtors to Aetna Finance Company." (#22 in bankr. 95-14046-CJK)  In their objection, the Follinses' stated that "[t]he debtors do not object to the amount asserted to be due of $41,948.16." (#22 in bankr. 95-14046-CJK)  Rather, the "sole basis" for the Follinses' objection to TFS's proof of claim was "the classification of the claim as secured." (#22 in bankr. 95-14046-CJK)   In the Final Report and Account which was allowed by the Court, TFS is listed as a creditor with an unsecured claim of $41,948.16. (#54 in bankr. 95-14046-CJK)

Apart from apparently undercutting the factual basis for the Follinses' argument for dismissal in this case, these bankruptcy court documents raise the question of whether the contents of the documents constitute an admission by the Follinses that TSF was entitled to payment of the AETNA/ITT Note?  Put another way, do these documents constitute evidence of TSF's ownership of the mortgage at that time?

Given that the parties are just being notified that the Court shall be considering the bankruptcy court filings in deciding the dispositive motions *sub judice*, it is appropriate that they be given the opportunity to submit

supplemental briefs on the issues raised herein. Accordingly, the Follinses are GRANTED LEAVE to file a supplemental memorandum on the effect the bankruptcy documents have on the issues raised in the cross-motions for summary judgment *on or before the close of business on Wednesday, November 30, 2005.* Pacific Security is GRANTED LEAVE to file a response to the Follinses' supplemental memorandum *on or before the close of business on Monday, December 12, 2005.*[3]

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

November 14, 2005.

---

[3] If counsel wish to inspect the file, they may do so at the Clerk's Office of the Bankruptcy Court. Upon arriving at the Clerk's Office, counsel should ask for Regina M. Brooks, Courtroom Deputy to the Honorable Robert Somma, as the file is in her office. Ms. Brooks e-mail is regina_brooks@mab.uscourts.gov and her telephone number is 617-565-5280.