UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 03-12634 RBC |
| ALTHEA FOLLINS, HAROLD FOLLINS, AETNA FINANCE COMPANY, d/b/a ITT FINANCIAL SERVICES, SECOND FEDERAL FUNDING, UNITED STATES OF AMERICA, and BAY STATE GAS, | ) |
| Defendants. | ) |

**PACIFIC SECURITY, LLC'S SUPPLEMENTAL MEMORANDUM
PURSUANT TO THE COURT'S AMENDED PROCEDURAL ORDER**

**INTRODUCTION**

In accordance with the Court's Amended Procedural Order of November 14, 2005, Pacific Security, LLC, as successor-in-interest to and attorney-in-fact for Aetna Finance Company, d/b/a ITT Financial Services (hereinafter "Pacific Security"), respectfully submits this Supplemental Memorandum to address the question raised by the Court therein.

Although the Court limited the question to whether or not the bankruptcy documents filed by the Follinses in Chapter 13 Case No. 95-14046-CJK constitute an admission by the Follinses that Transamerica Financial Services ("TFS") was entitled to payment of the Note made by the Follinses to Aetna Finance Company, d/b/a ITT Financial Services ("Aetna/ITT"), the Follinses raise additional issues relating to the effect of the dismissal of the Follinses bankruptcy.  Pacific Security will also address this issue herein.

**ARGUMENT**

I. **THE STATEMENTS MADE BY THE FOLLINESE IN THEIR CHAPTER 13 BANKRUPCTY FILINGS CONSTITUTE ORDINARY ADMISSIONS BY A PARTY OPPONENT, AND MAY BE CONSIDERED BY THE COURT AS EVIDENCE OF THE OWNERSHIP OF THE AETNA/ITT NOTE.**

Fed. R. Evid. 403(d)(2)(A) and (C) provides that a statement by a party opponent is admissible as non-hearsay, if the statement is offered against a party and is the party's own statement, in either an individual or a representative capacity or, a statement by a person authorized by the party to make a statement concerning the subject.

The statements at the heart of this matter are contained in various documents in Bankruptcy Case No. 95-14046-CJK, and which make reference to TFS as the holder and/or servicer of the Note.

For example, in the Follinses' Objection to Proof of Claim of Transamerica Financial Services (Document #22, ¶ 1), the Follinses stated that "the debtors [Follinses] are of the understanding that Transamerica Financial Services is the holder by assignment of note dated September 22, 1987 from the debtors to Aetna Finance Company . . .." This document was signed by the Follinses counsel, Richard S. Hackel, Esq., and would thus fall within Fed. R. Evid. 403(2)(C).

Additional references can be found in the Chapter 13 Plan (Document 7), in which, in the Addendum to Plan, the Follinses refer to a "Second mortgage now held by ITT Financial Services and serviced by Transamerica Finance in the original principal amount of $43,280.71 dated September 22, 1987 . . . ." The addendum to the Chapter 13 plan was signed by the Follinses.

All of these references to TFS in pleadings and documents filed by the Follinses in Bankruptcy Case No. 95-14046-CJK constitute admissions, and are thus admissible under Fed. R. Evid. 403.  In the case of *United States v. Raphelson*, 802 F.2d 588 (1st Cir. 1986), the Court held that "Although a pleading in one case is not a conclusive judicial admission in a later one, it is treated as an ordinary admission which can be contradicted by other evidence." *Id.* at 592.   Contrary to the Follinses' assertions, there is no requirement that the statements in question be "inconsistent with" those being made in the current action.

Pacific Security further argues that the Follinses' reliance on *Vincent v. Louis Marx & Co., Inc.* 874 F.2d 36 (1st Cir. 1989) is misplaced, and cannot serve as grounds to support the Follinses' position.  In fact, the Court in *Vincent* distinguishes the holding there from the holding in *Raphelson*, and enunciates the distinction between situations where prior inconsistent pleadings are filed in subsequent cases involving different parties from those, such as in the present case, where statements made in pleadings in matters involving the same parties are treated as admissions.  *Vincent*, at 38 – 39.

Thus, the references made by the Follinses, either directly or through their representative in Bankruptcy Case No. 95-14046-CJK relating to the status of TFS as holder of the Note are ordinary admissions, which may be considered by the Court in rendering its decision and given such weight as the Court in its discretion deems proper.

**II.     UPON THE DISMISSAL OF THE FOLLINES' CHAPTER 13 BANKRUPCTY OPERATED TO REINSTATE THE LIEN HELD BY TFS PURSUANT TO THE MORTGAGE SECURING THE NOTE.**

The Follinses also claim that the dismissal of their Chapter 13 bankruptcy did not restore the secured status of the Aetna/ITT Note. This assertion is simply incorrect, as the Bankruptcy Code contains provisions which explicitly reinstate such a lien.

A review of the documents in Bankruptcy Case No. 95-14046-CJK, reveals that the Follinses sought to reduce the Aetna/ITT Note to unsecured status under the "lien-stripping" provisions of 11 U.S.C. § 1322(b)(2), which would render the Aetna/ITT Note wholly unsecured. After the filing of a Proof of Claim by Transamerica Financial Services, and the filing of an objection to that Proof of Claim by the Follinses, the Court ruled, as part of its Order of Confirmation, that TFS' claim was wholly unsecured.

Following the dismissal of Bankruptcy Case No. 95-14046-CJK, however, and without any required action on the part of TFS, the lien created by the mortgage securing the Aetna/ITT Note was reinstated.

11 U.S.C., § 349(b)(1)(C) states in pertinent part that "Unless the court, for cause, orders otherwise, a dismissal of a case . . . reinstates (C) any lien voided under section 506(d) of this title."[1] Clearly, under this section, the dismissal of the Follinses' Chapter 13 bankruptcy reinstated the lien status of the Aetna/ITT Note.

The Follinses misinterpret the holding of the Court in *In re Space Building Corp.*, 206 B.R. 269 (D.Mass. 1996), which analyzed the effect of the dismissal of a Chapter 11 bankruptcy on a confirmed plan and the attendant discharge of debts, rather than the effect of a dismissal on voided liens. *Id.* at 273 – 274. While the post-confirmation dismissal of a Chapter 11 bankruptcy has no effect on the confirmation order or

---

[1] Section 506(d) provides that a lien is void if it secures a claim against the debtor which is not an "allowed secured claim," subject to certain exceptions which are inapplicable to the Aetna/ITT Note.

discharge, *Id.* at 274, there is no discussion of the effect of the discharge on voided liens, which are controlled by 11 U.S.C. § 349(b) as discussed above.

      Likewise, the Trustee's Final Report and Motion for Final Decree (Documents #54 and #55) has no bearing on the issue. The Trustee's Final Report merely sets forth an accounting of what the Trustee has received and disbursed according to the confirmed Chapter 13 Plan, and asks the Court to enter an order discharging the Trustee and closing the estate.

      Respectfully submitted,

      AETNA FINANCE COMPANY, d/b/a
      ITT FINANCIAL SERVICES, by its
      successor in interest,
      PACIFIC SECURITY, LLC,
      By its attorney,

      __/s/Daniel P. Murphy
      Daniel P. Murphy (BBO# 559440)
      3 Courthouse Lane, Suite 4
      Chelmsford, Massachusetts  01824
      (978) 459-9888

Dated:  December 12, 2005