UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>       Plaintiff,<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY, d/b/a ITT<br>FINANCIAL SERVICES, SECOND<br>FEDERAL FUNDING, UNITED STATES<br>OF AMERICA, and BAY STATE GAS,<br><br>       Defendants. | Case No. 03-12634 |

**MEMORANDUM OF LAW IN SUPPORT OF PACIFIC SECURITY, LLC'S OPPOSITION TO ALTHEA AND HAROLD FOLLINS' MOTION TO ALTER/AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

The Defendant, Plaintiff-in-Crossclaim, Pacific Security, LLC (hereinafter "Pacific Security"), respectfully submits this Memorandum of Law in support of its Opposition to Althea and Harold Follinses' Motion to Amend/Alter Judgment and for Reconsideration Pursuant to Fed. R. Civ. P. 59(e).

**ARGUMENT**

I. **AS THE FOLLINSES' NOTE WAS WITNESSED BY TWO INDIVIDUALS, NEITHER OF WHOM WAS THE PAYEE OF THE NOTE, THE NOTE WAS PROPERLY ATTESTED UNDER MASS. GEN. L. Ch. 260, § 1, AND IS SUBJECT TO A TWENTY-YEAR STATUTE OF LIMITATIONS.**

The crux of the Follinses' argument is that an employee of a corporation can *never* be a proper witness to a note payable to his or her employer for purposes of Mass. Gen. L. ch. 260, § 1. Pacific Security takes the position that the Follinses' argument is without foundation. Both logic and common sense dictate the conclusion that the

witnesses who signed as attesting witnesses to the Follinses' Note were not the payee of the Note and did not derive any personal benefit from the Note. They were individuals performing a service equally to the Follinses as to the payee by witnessing the signing of the note, i.e. they assisted the Follinses in complying with the lenders requirements of witnesses without the inconvenience to the Follinses of having to bring two other individuals to the loan closing to act as witnesses.

In support of their position, the Follinses again rely heavily upon *Christopoulos v. Hemenway*, 3 Mass. App. Div. 32 (1951), but this case merely supports the conclusion that the Note was properly attested. In its narrow holding that, as a matter of law, a payee could not be an attesting witness to the signing of a promissory note by the maker, the Court in *Christopoulos* clearly set forth its analysis, stating that "While no case dealing with the precise situation has come to our attention, it seems clear that the obvious meaning and manifest intention of G. L. (Ter. Ed.) c. 260, § 1 is that the witness who attests the signing of a promissory note must be someone other than the payee." That is exactly the case here.

The Follinses admit that two individuals, Leslie Saunders and Diane Duarte, witnessed the signing of the Note by the Follinses. (Follins Aff., ¶ 8). They also identify these individuals as employees of Aetna. These facts are not in dispute.

The mere fact that these individuals were employees of Aetna does not, as the Follinses argue, necessarily exclude them from acting as attesting witnesses to the note. As the Court noted in its opinion, these individuals did not in any way indicate, by use of titles or other means, that they were witnessing the note in their capacity as employees of Aetna.

In *Grossman Sons, Inc. v. Rudderham,* 319 Mass. 698 (1946), the Court held that the fact that an attesting witness undertook to sign as such "warranted the inference that he did so regularly and properly with the knowledge of the defendant after she had signed or acknowledged the note in his presence." *Id.* at 698. If can be inferred here, especially in light of the Follinses admission as to the witnessing of the Note by these individuals, that Leslie Saunders and Diane Duarte regularly and properly witnessed not only this Note, but perhaps others. This is confirmed in the documents put before the Court by the Follinses' attorney in his affidavit in support of the Follinses' Motion.

It is interesting that in *Grossman Sons*, the attesting witness appears to have been an employee of the corporate payee at the time of the signing of the note.[1] It is more interesting that the Court, after mentioning the witnesses status as an employee of a corporate payee, thereafter does not discuss that status, but goes on to decide the case on other grounds. That an attesting witness is also the employee of a lender does not, apparently, affect the validity of the attestation.

The fact that the payee in this case was a corporation is also immaterial, unless there is some evidence to show that the attesting witness signed as an agent of the payee corporation. There simply is no authority stating that an employee of the payee cannot act as a witness to a promissory note, whether or not that payee is a corporation or some other entity. In relying on *Sunrise Properties, Inc. v. Bacon, Wilson, et al.,* 425 Mass. 63 (1997), the Follinses put forward the general principle that a corporation may only act through its employees and agents, but this ignores the equally important principle that "A corporation is a separate and distinct legal entity." *Id.* at 66. The Follinses ask the Court

---

[1] The Court refers to the witness as "a former employee of the plaintiff corporation, who died long before the trial." *Grossman Sons,* at 698.

3

to ignore the distinction between the individual witnesses and the corporate entity, without any authority or reasonable grounds for their request. Therefore, as the Follinses' Motion is not supported either factually or legally, it must be denied.

## CONCLUSION

For the foregoing reasons, Pacific Security respectfully requests that the Court deny the Follinses' Motion to Alter/Amend Judgment and for Reconsideration Pursuant to Fed. R. Civ. P. 59(e), and grant such other relief as the Court deems proper.

Respectfully submitted,

AETNA FINANCE COMPANY, d/b/a
ITT FINANCIAL SERVICES, by its
successor in interest,
PACIFIC SECURITY, LLC,
By its attorney,

/s/Daniel P. Murphy
Daniel P. Murphy (BBO# 559440)
3 Courthouse Lane, Suite 4
Chelmsford, Massachusetts 01824
(978) 459-9888

Dated: June 6, 2006