UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW HAVEN SAVINGS BANK,<br><br>        Plaintiff<br><br>v.<br><br>ALTHEA FOLLINS, HAROLD FOLLINS,<br>AETNA FINANCE COMPANY D/B/A<br>ITT FINANCIAL SERVICES,<br>SECOND FEDERAL FUNDING,<br>UNITED STATES OF AMERICA, AND<br>BAY STATE GAS<br><br>        Defendants/Plaintiffs<br>        in Counterclaim | Case No. 03-12634 – RCL |

REPLY MEMORANDUM OF ALTHEA AND HAROLD FOLLINS
TO PACIFIC SECURITY, LLC.'S OPPOSITION TO
MOTION TO ALTER/AMEND JUDGMENT

I. PACIFIC SECURITY HAS FAILED TO ADDUCE ANY EVIDENCE THAT IT WAS EITHER THE OBLIGATION OR THE DECISION OF THE FOLLINSES TO HAVE THE NOTE WITNESSED.

      Pacific Security, LLC (hereinafter "PACIFIC SECURITY") argues to the Court that the Note (hereinafter "NOTE") was properly attested because the corporate employee witnesses "were individuals performing a service equally to the Follinses [in that] they assisted the Follinses in complying with the lender's requirements of witnesses without the inconvenience to the Follinses of having to bring two other individuals to the loan closing to act as witnesses."

      This argument lacks merit for summary judgment purposes on at least two grounds. First, and as the FOLLINSES have already argued, PACIFIC SECURITY carries the burden of proof on the issue. PACIFIC SECURITY has not, however, proffered any record

1

evidence to support its factual assertion that the FOLLINSES (i) were required by AETNA/ITT to bring two non-corporate employee witnesses to the loan Closing to act as witnesses; (ii) that the lender, in fact, had a requirement for witnessed signatures that was a condition to the closing; and (iii) that, in the absence of "personal witnesses," the two AETNA/ITT employees acted to convenience the FOLLINSES.  These assertions — now made for the first time — are not only without any evidentiary support but are pure speculation by PACIFIC SECURITY.  As such, they provide no grounds to support the grant of Summary Judgment to PACIFIC SECURITY.

Moreover, if any protocol is to be assumed, it is far more reasonable to conclude that the undertaking of AETNA/ITT to have its employees witness the FOLLINSES' signatures was <u>not</u> an undertaking made at the FOLLINSES' behest; but rather was one within the protocol of AETNA/ITT — as with most lenders — so that further protection would be afforded to it in the event that issues might arise after the loan was consummated.  To suggest that AETNA/ITT *directed the FOLLINSES* to supply two witnesses to their signature as a condition of consummating their loan strains credulity and fails the test of common sense.

Second, the argument made by PACIFIC SECURITY supports the FOLLINSES' point about the need for — and the effect of the absence of — a factual record concerning the circumstances surrounding the execution of the NOTE by the employee witnesses.  If there are disputes of material fact surrounding that circumstance — which the FOLLINSES contend there are — the absence of a record, given PACIFIC SECURITY'S required burden of proof, necessarily precluded the grant of Summary Judgment in its favor.

II. THE DECISION OF <u>GROSSMAN SONS, INC. V. RUDDERHAM</u> IS MISCHARACTERIZED.

PACIFIC SECURITY proffers the decision of <u>Grossman Sons, Inc. v. Rudderham</u>, 319 Mass. 698 (1946) to support the proposition that corporate employees may act as

attesting witnesses, stating that, in that case, "the attesting witness appears to have been an employee of the corporate payee at the time of signing of the Note." The FOLLINSES disagree; and submit that the language is ambiguous and a contrary view is also possible based upon opinion's language:

> The Note bore the signature as attesting witness of one Palmer, a *former* employee of the Plaintiff corporation, who died long before the trial.
> *[emphasis added]*

This language suggests that, when the witness Palmer signed the Note, he was, at that time, a *former* employee of the Plaintiff (the payee) corporation. As such, rather than support PACIFIC SECURITY'S position, the decision supports the FOLLINSES position. Clearly, there would be no difficulty with such an individual acting as a witness if he were not then employed by the payee. Regardless of either view, the decision is not really apposite because the issue at bar was not raised therein for consideration by the Court and thus the holding of the decision did not turn thereon.

III.   THE CAPACITY OF THE WITNESSES WAS A QUESTION OF FACT UPON WHICH PACIFIC SECURITY CARRIED AND FAILED IN ITS BURDEN OF PROOF.

PACIFIC SECURITY states in its Reply that simply because "the payee in this case was a corporation is . . . immaterial, unless there is some evidence to show that the attesting witness signed as an agent of the payee corporation."

The FOLLINSES have already addressed in their Rule 59(e) Motion that it is more than fair to conclude that this undertaking by the "employee witnesses" was within the scope of their authority and that they thus signed the NOTE acting as "corporate employees." At best, therefore, this statement by PACIFIC SECURITY begs the very factual question which the FOLLINSES have already argued (in their Rule 59(e) Motion) PACIFIC SECURITY was required to resolve before it could meet its burden of proof. In any event, PACIFIC

3

SECURITY thus properly acknowledges that material disputes of fact existed as to whether or not the attesting witnesses were acting in their "corporate capacity" or their "individual capacity"[1] when they executed the NOTE.

PACIFIC SECURITY carried the burden of demonstrating that the NOTE conformed to and was properly attested within the meaning of G.L.c. 260, §1.  PACIFIC SECURITY failed to adduce any evidence of the circumstances surrounding the execution of the NOTE to establish the correct determination — let alone a quantum of evidence that would be sufficient to meet its Summary Judgment burden. As such, this Court was required to deny its Summary Judgment Motion.

For all of the foregoing, the FOLLINSES request that the Court grant their Motion to Alter/Amend Judgment and for such other and further relief as is proper.

                                            Respectfully submitted,

                                            Althea Follins and Harold Follins
                                            By their attorneys

                                            /s/Gordon N. Schultz
                                            BBO #447600
                                            Schultz & Company
                                            One Washington Mall
                                            Boston, MA 02108
                                            (t) 617.723.9090
                                            SchultzCompany@aol.com

Dated: June 12, 2006

---

[1] This issue is not intended to concede the FOLLINSES argument that it would be improper, as a matter of law, for a corporate employee to serve as an attesting witness to a Note of his employer (as the payee) as the "identity of interest" for purposes of G.L.c. 260, §1 could never be separated.